Samuel E. YOUNG, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16018.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 9, 1961.

Decided March 16, 1961.

Mr. Forbes W. Blair, Washington, D. C. (appointed by this court) for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S.

Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* and BAZELON and WASHINGTON, Circuit Judges.

PHILLIPS, Circuit Judge.

In count one of a four-count indictment, Young and one Francis M. Thompson were charged with an assault on Eugene A. Duvall "with intent to commit the crime of robbery." In count two they were charged with "an assault on Eugene A. Duvall with a dangerous weapon, that is, a knife." Counts three and four charged offenses by Thompson only and are not here material. Count one did not name or identify the person or persons intended to be robbed.

A jury trial resulted in verdicts finding each defendant guilty on counts one and two. Young was sentenced to imprisonment for from three to nine years on each of such counts, the sentences to run concurrently, and has appealed.

The facts as shown by the evidence introduced by the Government are these. On December 13, 1959, at approximately 1:00 o'clock a. m., Washington police officers Duvall and Newville entered Jimmy's Bar and Grill [1] located at 1201–11th Street, N. W., Washington, D. C. The Grill was then owned by Mae Georganas. It had closed at 12 o'clock midnight, December 12th, 1959. The police officers had been assigned to the vicinity of the Grill, were on duty in plain clothes, and had gone to the Grill to protect the cash receipts of it and another grill owned by Mrs. Georganas, while they were being checked. At about 1:30 a. m. such officers were joined by police officers Denell and Fisher, also on duty in plain clothes. Shortly after officers Denell and Fisher arrived there was a knock at the door of the Grill. Duvall went to the door, raised the shade and saw Young and Thompson outside the door. Young asked who owned the station wagon parked near the Grill. It was Denell's car. Duvall opened the door. Young and Thompson started to enter the Grill. Young had an open knife in his hand and "cut at" Duvall across the abdomen but did not contact him with the knife. Young ordered Duvall out of the door and stated, "This is a hold-up." Duvall seized Young and pushed him back out of the door. During the struggle which ensued between them Young dropped the knife. Newville went to Duvall's aid and they subdued Young and forced him down on the sidewalk and ordered him to stay down. While Young was being subdued Denell and Fisher forced Thompson up against the bar. While both Thompson and Young were present in the Grill Duvall asked Young why he came to the Grill. Young answered, "He and I were going to hold it up." Later at a police station Young stated that he and Thompson went to the Grill to hold the place up, that they had information receipts from another bar owned by Georganas would be brought to the Grill after midnight, and that they waited until they were sure such receipts had arrived.

Young testified that on the night of December 12, 1959, he was at the Chip Grill with a friend, that he left the grill and went to the Kennedy Theatre and "looked at a show," that on leaving the theatre he drove to 11th and M Streets and parked his car, that he observed officers beating Thompson and at that time a policeman "grabbed" him and began beating him. He denied that he knew Thompson and denied that he made the incriminating statements.

In the lower court no objection was raised as to the sufficiency of counts one and two. No motion was made for an election between counts one and two nor for a separate trial on counts one and two, and no objections were made to the charge of the court.

* Sitting by designation pursuant to Section 294(d), Title 28 U.S.C.

1. Hereinafter called the Grill.

■ In his brief counsel for Young urged that there was a variance between the allegations of count one and the proof. He waived that contention in his oral argument but asserted as error that count one was fatally defective because it failed to identify the person or persons Young intended to rob and that such error should be noticed by this court although no objections on that ground had been urged in the trial court. It should be noted that counsel for Young did not request a bill of particulars identifying the persons intended to be robbed and did not claim surprise at the trial. The offense charged in count one is defined in Title 22, District of Columbia Code, Section 501. Its elements are (1) an assault and (2) made with the specific intent "to commit robbery." Both of those elements were alleged. Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that "The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 7(f) of such rules provides for a bill of particulars. Section 501 does not limit the person intended to be robbed to a particular class or category of persons such as, for example, an officer of a banking institution, so that a person of that particular class or category would be of the essence of the offense. Rather it includes persons generally. Hence we conclude that it was not necessary in the instant case to allege the identity of the person to be robbed, and that such information if desired by the defendant should have been sought by a motion for a bill of particulars. This conclusion is supported by Trometer v. District of Columbia, 24 App.D.C. 242, 250.

Counsel for Young urge that since the offense charged in Count One and the offense charged in Count Two involved one and the same assault, (1) they were not separate and distinct offenses; (2) only one offense should have been charged, and that in a single count and not in two counts; and (3) the Government should have elected to prosecute Young either for the offense charged in Count One or the offense charged in Count Two.

■ The charge in Count One embraced an element not charged in Count Two, namely, a specific intent to commit the crime of robbery and the charge in Count Two embraced an element not charged in Count One, namely, the use of a dangerous weapon in committing the assault. Hence, the two counts charged separate and distinct offenses.[2]

■ The fact that an offender by a single transaction violates several separate and distinct statutory provisions defining Federal offenses does not make the multiple infraction a single offense and to hold each infraction constitutes a separate and distinct offense does not offend against the Constitutional prohibition against double jeopardy.[3] Accordingly, we hold two separate and distinct offenses were charged and proven.

■ Moreover, in order for Young to avail himself of the contention that only one offense was proven, he would have to establish: (1) that there was an improper joinder in the same indictment of Counts One and Two, or that the Government should have elected to prosecute on one or the other of such counts; and (2) that he may urge the question of misjoinder and a failure to elect for the first time in this court. This, because identical sentences, to run concurrently, were imposed on each of such counts. Under Rule 8 of the Federal Rules of Criminal Procedure it was clearly proper to join the offenses charged in Counts One and Two in the same indictment, since they arose out of the same transaction,[4] and having failed to request an

---

2. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489.

3. Gore v. United States, 357 U.S. 386, 387–392, 78 S.Ct. 1280, 2 L.Ed.2d 1405.

4. See Kleven v. United States, 8 Cir., 240 F.2d 270, 272.

election between such counts at some stage of the proceeding below, Young may not here for the first time urge that the Government should have made an election.

■ Counsel for Young challenges an instruction undertaking to ·define the elements of an assault with a dangerous weapon. We are not to be understood as approving the instruction; however, since we are of the opinion that the conviction on Count One must be sustained and since the sentences on Counts One and Two are for identical terms, to run concurrently, it is not necessary for us to consider questions raised as to Count Two.[5]

Affirmed.

---

5. Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Gibson v. United States, 106 U.S.App. D.C. 10, 268 F.2d 586, 589.