**Robert H. CROSBY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18322.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 16, 1964.

Decided Nov. 25, 1964.

See also, 114 U.S.App.D.C. 233, 314 F.2d 238.

Mr. Charles A. Docter (appointed by this court), Washington, D. C., for appellant.

Mr. David Epstein, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Daniel A. Rezneck, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

This is an *in forma pauperis* appeal from conviction of assault with a dangerous weapon, 22 D.C.CODE ANN. § 502 (1961), under a one-count indictment charging robbery, 22 D.C.CODE ANN. § 2901 (1961).

The evidence tended to show that appellant attacked complainant, striking him with a Coca Cola bottle, and thereafter took from his person a wallet and money. At the close of the evidence, appellant requested that the court charge the jury concerning simple assault and petit lar-

ceny as lesser included offenses. The court complied with that request, but also charged on assault with a dangerous weapon. Appellant did not object to the additional charge, but later urged it as error in a motion for judgment of acquittal or for a new trial. The motion was denied.

The question presented is whether the motion should have been granted and judgment of acquittal entered as to the robbery charged. At the outset we must be mindful that the question is not whether appellant could have been charged on one count of assault with a dangerous weapon but whether the indictment as drawn includes this act.

Rule 31(c) of the Federal Rules of Criminal Procedure provides that "[t]he defendant may be found guilty of an offense *necessarily* included in the offense charged * * *." (Emphasis added.) Other Circuits have construed this Rule to mean that a chargeable lesser offense must be such that the greater offense cannot be committed without also committing the lesser. See, *e. g.*, Larson v. United States, 296 F.2d 80 (10th Cir. 1961); James v. United States, 238 F.2d 681, 16 Alaska 513 (9th Cir. 1956); Giles v. United States, 144 F.2d 860, 10 Alaska 455 (9th Cir. 1944). This construction accords with the general common law rule. See 4 WHARTON, CRIMINAL LAW and PROCEDURE § 1888, p. 754 (1957).

Although no cases in this court have squarely raised the issue presented, the logic of Young v. United States, 109 U.S.App.D.C. 414, 288 F.2d 398 (1961), cert. denied, 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed.2d 725 (1963), would seem to compel a corollary recognition that we have adopted an interpretation of Rule 31(c) which accords with that of the 9th and 10th Circuits. This would require us to set aside the present conviction.

In the *Young* case we held that a defendant may properly be convicted both of assault with intent to rob and of assault with a dangerous weapon for the same criminal acts. There one count charged assault with intent to commit robbery and another count charged assault with a dangerous weapon, a knife. Young's contention was that since the two counts rested on the same facts and same alleged assault they were not separate and distinct offenses and could not support two counts, and that this compelled the prosecution to elect. We answered the contention by pointing out that the charge in the first count embraced an element not charged in the second count, namely, the specific intent to rob and that "Count Two embraced an element not charged in Count One, namely, *the use of a dangerous weapon* * * *." (Emphasis added.) On this we held that "the two counts charged separate and distinct offenses." 109 U.S. App.D.C. at 416, 288 F.2d at 400. The corollary is that the latter crime is not "necessarily included" within the former. See also United States v. Bauer, 198 F. Supp. 753 (D.D.C. 1961) (defendant may be convicted of both robbery and assault with a dangerous weapon for the same acts).

 The Government relies primarily on appellant's failure to object to the dangerous-weapon charge; and without doubt this contributed substantially to the District Court's action. The Government asserts, in effect, that appellant has waived his right to be charged by a grand jury for the precise offense of which he was convicted. We cannot agree. The scope of the indictment goes to the existence of the trial court's subject-matter jurisdiction. Stirone v. United States, 361 U.S. 212, 213, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); Ex Parte Bain, 121 U.S. 1, 12–13, 7 S.Ct. 781, 30 L.Ed. 849 (1886). Since we find that the offense of assault with a dangerous weapon is not necessarily included in an indictment charging robbery, we must find that the trial court lacked jurisdiction to convict appellant of that offense under the present indictment.[1] To hold otherwise would in effect be to allow

1. There would appear to be no impediment to re-indictment of appellant on a charge of assault with a dangerous weapon.

judicial amendment of the grand jury's indictment; this cannot be accomplished even with a defendant's consent. The Supreme Court has ruled that the Fifth Amendment's guarantee may not be so undermined. Stirone v. United States, *supra;* Ex Parte Bain, *supra.* Accordingly, we reverse appellant's conviction.[2]

 Reversed.

Fahy, Circuit Judge, dissented.

2. People v. Bogdanoff, 254 N.Y. 16, 171 N.E. 890, 69 A.L.R. 1378 (1930), which holds that bills of particulars may be used to supplement an indictment in order to give defendant notice of the precise acts charged, is not in point. Such cases in no way justify instructing a jury on an offense not *necessarily* included in the offense charged in the indictment. In Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed. 2d 240 (1962), the Supreme Court ob-

served that " * * * to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him."