**Thomas Harry ADAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 4497, 4498.**

District of Columbia Court of Appeals.

Argued June 17, 1968.

Decided Sept. 23, 1968.

---

I. Brown v. Greenwich Lounge, Inc., D.C.App., 225 A.2d 656, 657 (1967).

Peter D. Manahan, Washington, D. C., (appointed by this court) for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and A. Lee Fentress, Jr., Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

These appeals are from convictions of attempted housebreaking [1] and possession of implements of crime.[2] With respect to the first offense, appellant contends there was insufficient evidence to support the conviction.

The building in which the alleged offense was committed contained two apartments above a ground floor laundry. One apartment was vacant and the other occupied. There was evidence that at about three-thirty in the morning the tenant of the occupied apartment heard some one come up the stairs and then heard what sounded like some one attempting to enter the vacant apartment. A little later he saw a man, dressed in light colored clothing, going down the stairs. A police officer saw appellant and a female companion leave the doorway of the building and start north, but when they saw the officer they turned and went south. The officer observed a large bulge under the light tan windbreaker worn by appellant. The officer followed appellant and his companion and saw appellant remove a long dark object from his coat and then heard a metallic clank. When the officer reached the spot where appellant had dropped the object, he found a crowbar and a screwdriver. Appellant turned, saw the officer and he and his companion began to run. The officer pursued them. He lost sight of the woman but, with the aid of other officers who had come to the area, eventually caught appellant. Examination of the door to the vacant apartment revealed marks where the paint had been chipped off near the lock. Appellant did not testify.

The Government's evidence of guilt was certainly not overwhelming, but viewing the evidence in the light most favorable to the Government, as we must,[3] we cannot rule that the trial court, as trier of the facts, must necessarily have had a reasonable doubt as to appellant's guilt.

With respect to the conviction of possession of implements of crime, the Government at oral argument expressed a desire to confess error. Because we affirm the other conviction and the sentences imposed on both convictions were identical, to run concurrently, it is unnecessary to pass upon this question.[4]

Affirmed.

1. D.C.Code 1967, §§ 22–103, 22–1801.

2. D.C.Code 1967, § 22–3601.

3. Crawford v. United States, 126 U.S.App. D.C. 156, 375 F.2d 332 (1967).

4. Young v. United States, 109 U.S.App. D.C. 414, 288 F.2d 398 (1961), cert. denied, 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed. 2d 725 (1963).