**UNITED STATES of America**

v.

**Roy L. THOMAS, Jr., Appellant.**

**No. 23975.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 18, 1970.

Decided April 26, 1971.

**920**

Mr. David C. Venable, Washington, D. C. (appointed by this court) for appellant.

Mr. John O'B. Clarke, Jr., Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and David C. Woll, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT and MacKINNON, Circuit Judges, and SMITH,* Chief Judge, U. S. District Court for the District of Montana.

MacKINNON, Circuit Judge:

 This appeal arises from a conviction of statutory burglary (first de-

gree) under the laws of the District of Columbia. The principal issue raised involves the specific intent required for that offense. Appellant contends that the specific intent required by the statute was not properly alleged in the indictment, proved by the evidence or covered by the court's instructions to the jury. We do not reach the two latter issues since we find the indictment to be defective to charge the offense of first degree burglary.[1] However, we find that the indictment did charge unlawful entry and that the evidence supports a conviction thereof. We therefore authorize the trial court, if the Government does not object, to enter judgment accordingly and to impose a proper sentence.

I.

The questioned indictment provides:

On or about April 5, 1969, within the District of Columbia, Roy L. Thomas, Jr. entered the dwelling of Vivian M. Medley while Threasa [sic] A. Medley, Carolyn I. Medley and Vivian M. Medley were present in said dwelling, *with intent to commit a criminal offense therein.* (Emphasis added.)

The grand jury charged that the acts alleged in the indictment were in violation of D.C.Code § 22–1801(a) (Supp. III, 1970) (81 Stat. 736), which provides:

Whoever shall, either in the nighttime or in the daytime, break and enter, or enter without breaking, any dwelling, or room used as a sleeping

---

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

1. Appellant made no attack on the sufficiency of the indictment in the court below. Since he argues that the indictment does not state an offense, however, his failure to attack the indictment on that ground in the court below does not preclude him from doing so for the first time on appeal. Fed.R.Crim.P. 12(b) (2) provides: "[T]he failure of the indictment * * * to charge an offense shall be noticed by the court at any time during the pendency of the proceeding." The

term "pendency of the proceeding" has been interpreted to include appeals. Williams v. District of Columbia, 136 U.S.App.D.C. 56, 66, 419 F.2d 638, 648 (1969, en banc); Walker v. United States, 342 F.2d 22, 26 (5th Cir.), cert. denied, 382 U.S. 859, 86 S.Ct. 117, 15 L.Ed.2d 97 (1965); Scarbeck v. United States, 115 U.S.App.D.C. 135, 139 n. 1, 317 F.2d 546, 550 n. 1 (1962), cert. denied, 374 U.S. 856, 83 S.Ct. 1897, 10 L. Ed.2d 1077 (1963); United States v. Manuszak, 234 F.2d 421, 422 (3rd Cir. 1956).

apartment in any building, *with intent* to break and carry away any part thereof, or any fixture or other thing attached to or connected thereto or *to commit any criminal offense,* shall, if any person is in any part of such dwelling or sleeping apartment at the time of such breaking and entering, or entering without breaking, be guilty of *burglary in the first degree.* Burglary in the first degree shall be punished by imprisonment for not less than five years nor more than thirty years. (Emphasis added.)

Against the backdrop of such statute, appellant contends that the indictment does not sufficiently charge the crime of first degree burglary. Specifically, appellant contends that since the indictment does not identify the particular offense he allegedly intended to commit when he entered the dwelling, it does not charge him with having the specific intent which forms an essential element of the crime of burglary under the D.C.Code. Therefore, his argument concludes, (1) he was not fairly apprised of the evidence he would have to meet at trial; and (2) since there was no way of knowing the specific intent the grand jury had found to exist in returning the indictment, there was no way of knowing whether he was being tried for the offense for which he was indicted; and (3) because of the lack of specificity in the allegation of intent, the crime with which he was charged was not sufficiently identified to afford him protection against being placed in double jeopardy.

■ The statutory crime of burglary, as presently defined in the District of

Columbia, has several variations from the old common-law offense [2] and, insofar as is here material, requires that entry of the dwelling be made "with intent * * * to commit any criminal offense." The indictment which charges appellant with burglary is drawn in the precise language of the statute and thus does not specify the particular offense he allegedly intended to commit. While it is ordinarily proper for an indictment to be drawn in the language of the applicable statute, the case is otherwise when the statute does not fully contain each element of the offense.[3]

The prohibition contained in the District's burglary statute against entry of a dwelling with an "intent * * * to commit [a] criminal offense" is a proscription on entry of a dwelling with any one or more of a certain category of specific intents and not merely a proscription against entry with a generally evil or criminal intent. The statute contains only the genus of proscribed intent. However, as was stated in the oft cited case of United States v. Cruikshank,

> [i]t is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars.[4]

An indictment drawn simply in the language of the District's burglary statute thus does not allege with sufficient particularity the offense with which appel-

---

2. At common law, a *breaking* in the *nighttime* with intent to commit a *felony* were three elements of the crime of burglary but none of these elements need be present under the District statute. *See generally* 2 F. Wharton, Criminal Law § 406, at 24 (Anderson ed. 1957); R. Perkins, Criminal Law 192 (2d ed. 1969).

3. Russell v. United States, 369 U.S. 749, 764–772, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Hess, 124 U.S.

483, 8 S.Ct. 571, 31 L.Ed. 516 (1888); United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882); United States v. Cruikshank, 92 U.S. 542, 568–569, 23 L.Ed. 588 (1875); Honea v. United States, 344 F.2d 798, 803–804 (5th Cir. 1965); *see* Williams v. District of Columbia, 136 U.S.App.D.C. 56, 65–66, 419 F.2d 638, 647–648 (1969, *en banc*).

4. United States v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588 (1875).

lant was charged. As so drawn, it describes the offense only in impermissibly broad and categorical terms. In order to achieve the requisite degree of precision, we hold, in accordance with the great weight of authority,[5] that the indictment must state the particular offense the accused intended to commit upon entry into the dwelling.[6]

Under the circumstances of this case, the principal harm suffered by the appellant because of the lack of precision in the indictment results from his inability to discern the specific underlying offense, if any, that the grand jury had in mind when it returned the indictment. We recognize that ordinarily under the present modernized rules of federal criminal procedure an indictment drawn in the language of a statute, but which fails to allege a particular fact which the accused is entitled to know, can be cured of such defect through the use of a bill of particulars.[7] This is not true, however, when the omitted fact is a material element of the offense.[8] In such circumstances, to permit the omission to be cured by a bill of particulars would be to allow the grand jury to indict with one crime in mind and to allow the U.S. Attorney to prosecute by producing evidence of a different crime.[9] Such imprecision in a grand jury indictment cannot be permitted.[10]

5. Henson v. People, 166 Colo. 428, 444 P.2d 275 (1968, *en banc*); State v. Tippett, 270 N.C. 588, 155 S.E.2d 269 (1967); Gomez v. People, 162 Colo. 77, 424 P.2d 387 (1967, *en banc*); Taylor v. Commonwealth, 207 Va. 326, 150 S.E.2d 135, 140 (1966); Adkins v. State, 389 P.2d 915, 916 (Alaska 1964); State v. Deedon, 189 A.2d 660, 662 (Del.1963); State v. Minnick, 53 Del. (3 Storey) 261, 168 A.2d 93 (1960); Bays v. State, 240 Ind. 37, 159 N.E.2d 393, 397–398 (1959); Lowe v. State, 163 Tex.Cr.R. 578, 294 S.W. 2d 394, 397 (1956); Brumfield v. State, 206 Miss. 506, 40 So.2d 268 (1949); People v. Westerberg, 274 Mich. 647, 265 N.W. 489 (1936); Hooks v. State, 154 Tenn. 43, 289 S.W. 529 (1926); People v. Schiaffino, 73 Cal.App. 357, 238 P. 725, 726 (1925); State v. Allen, 186 N.C. 302, 119 S.E. 504 (1923); State v. Doran, 99 Me. 329, 59 A. 440 (1904); State v. Buchanan, 75 Miss. 349, 22 So. 875 (1898). *See generally* 13 Am.Jur.2d Burglary § 36, at 341 (1969); 12 C.J.S. Burglary § 32, at 691 (1938).

6. A wide variety of intended offenses may be stated, including murder, robbery, larceny, rape, arson, assault, etc. Common law burglary was an offense against the security of the dwelling place, habitation or building, 2 F. Wharton, *supra* note 2, § 406 at 25, and this required the ulterior offense to be a crime against such security. Our statute makes the offense broader than the common law crime, but in United States v. Frank, 225 F.Supp. 573, 576 (D.D.C.1964), the court held that an indictment which charged the defendant with entry of a building with intent to commit an offense under the Federal Communications Act did not charge the crime of housebreaking which was the name then given to our present burglary offense.

7. *See* Fed.R.Crim.P. 7(f); United States v. Baker, 262 F.Supp. 657, 672–676 (D.D.C.1966).

8. Honea v. United States, 344 F.2d 798 (5th Cir. 1965); Walker v. United States, 342 F.2d 22 (5th Cir.), cert. denied, 382 U.S. 859, 86 S.Ct. 117, 15 L.Ed. 2d 97 (1965); Chow Bing Kew v. United States, 248 F.2d 466 (9th Cir.), cert. denied, 355 U.S. 889, 78 S.Ct. 259, 2 L.Ed. 2d 188 (1957); *see* Williams v. District of Columbia, 136 U.S.App.D.C. 56, 419 F.2d 638 (1969, *en banc*).

9. Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Silverman, 430 F.2d 106, 110 (2d Cir. 1970); *see* Connor v. Picard, 434 F.2d 673 (1st Cir. 1970), petition for cert. filed, 39 U.S.L.W. 3403 (March 16, 1971) (No. 1454).

10. Distinguishable is a situation such as the one presented in Sullivan v. Scafati, 428 F.2d 1023, 1027 (1st Cir. 1970). There petitioner attacked a murder indictment on the ground that it did not specify whether the act was done with extreme cruelty, premeditation, or participation in a felony. The court held that the indictment in effect charged malice aforethought, that such malice was the critical element in the crime of murder and that it was not necessary for the grand jury to give the precise reason for its belief that petitioner had that state of mind. Here we are not concerned with the grand jury's reason for believing that appellant had an intent to commit a criminal offense but with the precise intent it believed he had.

To do so would make it possible for the U.S. Attorney to usurp the function of the grand jury by supplying an essential element of the crime and, in many cases, would violate due process by failing to give the accused fair notice of the charge he must meet.[11]

The above considerations are of particular importance in burglary prosecutions because the actual proof at trial involves evidence of at least two crimes, the unlawful entry and the intent to commit the ulterior crime. In addition, the specific intent is ordinarily the most important element of the crime because it may be the most difficult to prove. When the ulterior crime can range from crimes like murder, assault and rape to arson and larceny there is a particular need for specificity because of the wide variations in the elements of such ulterior offenses. However, the ulterior crime need not be alleged as fully as would be necessary if the ulterior crime were itself the offense charged. It is ordinarily sufficient to allege that offense in general terms, as entry with intent to steal, assault, rob, rape, murder, commit arson, larceny, etc.[12]

An example of proper pleading is the indictment used in Washington v. United States, 105 U.S.App.D.C. 58, 61, 263 F.2d 742, 745, cert. denied, 359 U.S. 1002, 79 S.Ct. 1142, 3 L.Ed.2d 1032 (1959) where a housebreaking indictment returned by the grand jury provided:

> On or about April 23, 1957, within the District of Columbia, Artis S. Washington entered the building of William J. Jones with intent to steal property of another.

We are not advised as to why this form of indictment was not used in the instant case, for it simply and adequately charges the specific intent required in the crime of burglary, or housebreaking as it was then known.[13] We are certain that no great difficulty will be occasioned hereafter by specifying the specific intent required for burglary in substantially the same manner.

In so saying, we are not unmindful of the difficulties which arise in burglary complaints where the ulterior crime may not be consummated and the pleader is required to designate the offense which the accused intended to commit upon entry into the building. In such cases, where the evidence indicates that the accused may have intended to commit several offenses, the indictment may allege the intent to commit one or more ulterior crimes. The jury may then be instructed that the accused may

---

11. In our view, an imprecise indictment is unlikely to expose a defendant to a second trial for the same offense because it is always possible to resort to the transcript of the first trial in order to prove the actual offense for which he was tried. *See* Russell v. United States, 369 U.S. 749, 764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) ; Clay v. United States, 326 F.2d 196, 199 (10th Cir. 1963), cert. denied, 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050 (1964).

12. A useful analogy is provided by the required degree of specificity in conspiracy cases. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927) ; Brown v. United States, 403 F.2d 489 (5th Cir. 1968), cert. denied, 397 U.S. 927, 90 S.Ct. 932, 25 L.Ed.2d 106 (1970) ; United States v. Kahn, 381 F.2d 824 (7th Cir.), cert. denied, 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967) ; United States v. Knox Coal Co.,

347 F.2d 33 (3rd Cir.), cert. denied, Lippi v. United States, 382 U.S. 904, 86 S.Ct. 239, 15 L.Ed.2d 157 (1965) ; Williamson v. United States, 310 F.2d 192 (9th Cir. 1962).

13. The indictment in *Washington* was returned under the housebreaking statute, Act of March 3, 1901, ch. 854, § 823, 31 Stat. 1323, D.C.Code § 22–1801 (1967), which was amended in 1967 by the present burglary statute. Act of December 27, 1967, Pub.L.No. 90–226, tit. VI, 81 Stat. 736, D.C.Code § 22–1801 (Supp. III, 1970). The form of indictment used in *Washington* would charge second degree burglary under the present statute. It is not infrequent, however, to find the offense of statutory burglary called either housebreaking or breaking and entering. .2 F. Wharton, *supra* note 2, § 407, at 25–26; 13 Am.Jur.2d Burglary § 36, at 341 (1964). The elements of such offenses are substantially the same.

be found to have possessed the necessary intent for burglary if they find beyond a reasonable doubt that he had the intent to commit one or more of the specified ulterior offenses. In addition, in cases such as the one at bar which involve breaking and entering of a dwelling in the nighttime, where the evidence of the ulterior crime may be indefinite, the indictment may allege an intent to commit the crime of larceny and the jury may be instructed that such circumstances, if not explained to their satisfaction, may furnish the basis for an inference that the entry was made with the intent to commit larceny, but such conclusion is not required.[14] The longstanding rationale for such inference was aptly explained by the Supreme Court of Iowa in State v. Woodruff, 208 Iowa 236, 225 N.W. 254, 255 (1929):

> "Some presumptions are to be indulged in against one who enters a building unbidden, at a late hour of the night, else the burglar caught without booty might escape the penalties of the law. 'The love of gain, the desire to get and have, is so wide a principle of human nature, that, oth-

er motives being eliminated, that remains as a sort of residuary solvent of conduct.' * * * People are not accustomed, in the nighttime to enter the homes of others, when asleep, with innocent purposes. The usual object is theft, and this is the inference ordinarily to be drawn, in the absence of explanation, from breaking and entering at night, accompanied by flight upon discovery, even though nothing has been taken."

## II.

Our inquiry is not ended, however, by our conclusion that the indictment is defective to charge the crime of first degree burglary. We must also determine whether the indictment charges any other crime and if so whether the evidence supports a conviction therefor. Had the crime of first degree burglary been properly charged certain lesser offenses might have been included, *inter alia:* (1) second degree burglary, D.C.Code § 22–1801(b),[15] and (2) unlawful entry, D.C.Code § 22–3102.[16] Since no specific intent was alleged in the indictment, the crime of burglary was not in fact

14. Cady v. United States, 54 App.D.C. 10, 293 F. 829 (1923); Behel v. State, 40 Ala.App. 689, 122 So.2d 537 (1960); People v. Jordan, 204 Cal.App.2d 782, 786, 22 Cal.Rptr. 731, 734 (1962); People v. Fitch, 73 Cal.App.2d 825, 167 P.2d 211 (1946); State v. Woodruff, 208 Iowa 236, 225 N.W. 254 (1929); State v. Gatewood, 169 Kan. 679, 221 P.2d 392, 396–397 (1950); Steadman v. State, 81 Ga. 736, 8 S.E. 420 (1888); Commonwealth v. Ronchetti, 333 Mass. 78, 128 N.E.2d 334, 336 (1955); State v. Wills, 107 N.H. 107, 218 A.2d 47, 49 (1966); 2 F. Wharton, *supra* note 2, § 408; 12 C.J.S. Burglary § 55, at 732 (1938).

15. D.C.Code § 22–1801(b) (Supp. III, 1970) provides:
Except as provided in subsection (a) of this section, whoever shall, either in the night or in the daytime, break and enter, or enter without breaking, any dwelling, bank, store, warehouse, shop, stable, or other building or any apartment or room, whether at the time occupied or not, or any steamboat, canalboat, vessel, or other watercraft, or railroad car or any yard where any lumber, coal,

or other goods or chattels are deposited and kept for the purpose of trade, with intent to break and carry away any part thereof or any fixture or other thing attached to or connected with the same, or to commit any criminal offense, shall be guilty of burglary in the second degree. Burglary in the second degree shall be punished by imprisonment for not less than two years nor more than fifteen years.

16. D.C.Code § 22–3102 (1967) provides:
Any person who, without lawful authority, shall enter, or attempt to enter, any public or private dwelling, building or other property, or part of such dwelling, building or other property, against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of the lawful occupant, or of the person lawfully in charge thereof, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $100 or imprisonment in the jail

charged and it follows that there can be no lesser included offense in the strict sense of the term. For the same reason, it also follows that the indictment cannot be read as charging the crime of second degree burglary, for the intent to commit a designated ulterior offense is as much an essential element of second degree burglary as it is of first degree burglary. However, we are of the opinion that the indictment does properly allege an unlawful entry under D.C.Code § 22–3102.

We reach this conclusion after an analysis which differs somewhat from that normally undertaken to determine whether a lesser included offense instruction should be given in a particular case. The analysis to be used in the lesser offense situation was carefully explored in Sinclair v. United States, 144 U.S.App.D.C. ——, 444 F.2d 888 (Decided March 31, 1971), where we explained that the evidence developed at trial is one of the factors to be considered before an instruction on the lesser offense is given and a conviction for such offense permitted.[17] Here, however, we have held that the single count indictment which purportedly charged appellant with burglary did not, in fact, state that offense. It follows that unless we are able to read the indictment as charging appellant with unlawful entry from the outset, we cannot reach the question of whether the evidence introduced at trial would support a conviction for that offense. Unless the indictment can be read as charging unlawful entry, it stated no offense at all and thus can support no conviction whatsoever.[18] Whether it is permissible to so read the indictment depends primarily on our scrutiny of the indictment itself.

■ The crime of unlawful entry, as defined in the District of Columbia Code, contains two elements, i. e., an entry (1) without lawful authority and (2) against the will of the lawful owner.[19] Our inquiry, therefore, must focus on whether the indictment for burglary here under consideration contains both of these elements with the precision required. However, since unlawful entry is not an "infamous" crime, appellant could have been prosecuted for that offense by information and does not have a right to the protections of a grand jury indictment.[20] Thus our prime concern is not whether "the indictment reveals that all the essential elements for conviction [of unlawful entry] were presented to the grand jury, and deliberated upon and charged by them."[21] Rather, we must consider whether the indictment informed appellant of the charges against him with sufficient particularity to allow him to prepare his defense.[22]

for not more than six months, or both, in the discretion of the court.

Whether a particular crime is necessarily included within the crime "charged" depends upon the allegations of the indictment. Fed.R.Crim.P. 31(c) ; compare Rev.Stat. § 1035 (1872).

17. *See also* Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965) ; Berra v. United States, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956) ; United States v. Comer, 137 U.S.App.D.C. 214, 421 F.2d 1149 (1970).

18. *See* United States v. Manuszak, 234 F.2d 421, 423 (3rd Cir. 1956) ; *cf.* Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) ; Crosby v. United States, 119 U.S.App.D.C. 244, 339 F.2d 743 (1964).

19. *See* note 16, *supra.*

20. Since the punishment for unlawful entry is less than one year in prison and since sentences of less than one year are not served in a penitentiary, 18 U.S.C. § 4083 (1964), unlawful entry is not an "infamous" crime and need not be prosecuted by indictment. *See* Mackin v. United States, 117 U.S. 348, 6 S.Ct. 777, 29 L.Ed. 909 (1886) ; Green v. United States, 356 U.S. 165, 183, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958) ; Fed.R.Crim.P. 7(a).

21. United States v. Silverman, 430 F.2d 106, 110 (2d Cir. 1970).

22. Kinoy v. District of Columbia, 130 U.S.App.D.C. 290, 400 F.2d 761 (1968) ; Feeley v. District of Columbia, 128 U.S.App.D.C. 258, 387 F.2d 216 (1967) ; Smith v. District of Columbia, 128 U.S.App.D.C. 275, 387 F.2d 233 (1967).

**926**

The indictment certainly informed appellant that he was charged with the first of the two elements of unlawful entry, *i. e.*, entry without lawful authority. Since the indictment charged appellant with entering the dwelling with intent to commit a criminal offense, and since such entry is made unlawful by the burglary statute, the indictment drawn in the words of the statute, but without the allegation of any specific intent, is sufficient to place him on notice that he is charged with making an entry which was, by definition, without lawful authority. We conclude that the indictment also informed appellant that he was charged with the second element of unlawful entry, *i. e.*, entry against the will of the lawful owner. In the first place, the indictment charged that appellant "Roy L. Thomas, Jr. entered the dwelling of Vivian M. Medley." It is thus apparent that appellant was charged with entry of a dwelling other than his own. In the second place, because the building appellant was charged with entering was a *dwelling*, it was obviously a building closed to the general public. In several discussions of the unlawful entry statute here under consideration, the District of Columbia Court of Appeals has held that a *prima facie* case of entry against the will of the lawful owner is made by showing that an individual entered a building, not his own, which was obviously closed to the general public. McGloin v. United States, 232 A.2d 90 (D.C.App. 1967); *see* Bond v. United States, 233 A.2d 506 (D.C. App. 1967); Perry v. United States, 230

A.2d 721 (D.C.App. 1967). That a person believed he had a right to be in such a building is a matter for the defense. Whittlesey v. United States, 221 A.2d 86, 92 (D.C.App. 1966).[23] In light of these cases, and the allegations in the indictment, we conclude that the charge that appellant entered a dwelling not his own for the purpose of committing an offense therein carries the fair inference that he is charged with doing so against the will of the lawful owner.

The conclusion to be drawn from the foregoing is that the burglary indictment here under consideration which was deficient to charge burglary did adequately charge appellant with unlawful entry.[24] Of course, when so construed, it is not a model of proper criminal pleading.

■ Finally, we also conclude that the evidence introduced at trial was sufficient to support a conviction for unlawful entry. Appellant entered the Medley home, in the early hours of the morning, head-first through a window in the bedroom of Mrs. Medley's two young daughters, undoubtedly heightening the realism of the "chiller" movie the younger of the two was then watching on television. Awakened by her daughter's screams, Mrs. Medley ran to the room and there perceived appellant about half-way through the window attempting to pick up some papers he had dropped on the floor. Grabbing him by the hair, Mrs. Medley hurled appellant back through the window and heard him yell as he hit the ground some ten feet

23. As a general rule, it is not required that matters of defense be negated in an indictment or information. Evans v. United States, 153 U.S. 584, 590, 14 S.Ct. 934, 38 L.Ed. 830 (1894); Fippin v. United States, 162 F.2d 128, 131 (9th Cir. 1947); United States v. Branigan, 299 F.Supp. 225, 228 (S.D.N.Y.1969). *See generally* 1 C. Wright, Federal Practice and Procedure § 125 (1969).

24. Fed.R.Crim.P. 7(c) provides in part: The indictment or information shall state for each count the official or customary citation of the statute * * * which the defendant is alleged therein to

have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

The indictment under consideration contained no reference to the statutory citation for the crime of unlawful entry. While we see no resulting prejudice from this omission, if any is claimed on remand, the trial court may take the claim into account in determining whether it is in the interest of justice to enter a judgment of conviction of unlawful entry.

below before he fled. The papers appellant was trying to retrieve contained phone numbers and it was through information gained by use of these numbers that appellant was apprehended by police. Given this evidence, the jury could properly have concluded that appellant was guilty of unlawful entry.

In light of the foregoing, we conclude that it was error to convict the appellant for first degree burglary under the indictment in question and that he is entitled to have his conviction for that offense vacated. The Government is also entitled to seek a new grand jury indictment of appellant for first degree burglary, and it may well decide to do so for, in our opinion, the evidence introduced at trial was sufficient to support a conviction for such offense.[25] However, because the indictment did allege an unlawful entry and the evidence supports a conviction therefor, we remand for entry of judgment of conviction of unlawful entry, if the Government does not object and the trial court considers it in the interest of justice to do so. United States v. Comer, 137 U.S. App.D.C. 214, 220–21, 421 F.2d 1149, 1155–1156 (1970). *Compare* Austin v. United States, 127 U.S.App.D.C. 180, 193–194, 382 F.2d 129, 142–143 (1967). If either of these two conditions is not met, the Government may then decide whether it wishes to again submit appellant's case to the grand jury.

■ This decision shall apply (1) to cases in which a similarly defective burglary indictment has been returned by the grand jury and in which the trial of the defendant has not been completed as of this date and (2) to all burglary indictments returned hereafter. We have decided that the rule should not be made fully retroactive primarily because we are of the opinion that specification of the ulterior offense is necessary in order for the court and the defendant to be certain that the grand jury considered each and every element of the offense. *See* Russell v. United States, 369 U.S. 749, 768, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Only if the grand jury does so will it properly fulfill its constitutional role.[26] Applying our holding to those who have already been tried would not advance this important role of the grand jury,[27] and the failure to

25. *See* Washington v. United States, 105 U.S.App.D.C. 58, 61, 263 F.2d 742, 745, cert. denied, 359 U.S. 1002, 79 S.Ct. 1142, 3 L.Ed.2d 1032 (1959) ; Cady v. United States, 54 App.D.C. 10, 293 F. 829 (1923) ; People v. Fitch, 73 Cal.App.2d 825, 167 P.2d 211 (1946) ; State v. Woodruff, 208 Iowa 236, 225 N.W. 254 (1929).

26. Wood v. Georgia, 370 U.S. 375, 390, 82 S.Ct. 1364, 1373, 8 L.Ed.2d 569 (1962) :
 Historically [the grand jury] has been regarded as a primary security to the innocent against hasty, malicious and oppressive persecution ; it serves the invaluable function in our society of standing between the accuser and the accused, whether the latter be an individual, minority group, or other, to determine whether a charge is founded upon reason or was dictated by an intimidating power or by malice and personal ill will.
 *See* Stirone v. United States, 361 U.S. 212, 218, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960) :
 The very purpose of a requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge.

27. Those who have been convicted of burglary have no grounds to complain of the use of ill-founded or baseless charges and making our decision fully retroactive thus would not advance any interest which they are entitled to claim. *Compare* Pendergrast v. United States, 135 U.S. App.D.C. 20, 26–27, 416 F.2d 776, 782–783, cert. denied, 395 U.S. 926, 89 S. Ct. 1782, 23 L.Ed.2d 243 (1969). Those who have been acquitted are the ones who might have been so harassed, but a fully retroactive application of this rule will in no way help them. As one who has been tried and convicted appellant will receive the benefits of a rule which is applicable to no one else in his exact position (except United States v. Seegers, 144 U.S. App.D.C. ——, 445 F.2d 232, which was considered and decided jointly with this case), but this result is an unavoidable consequence of our jurisdiction to decide only cases or controversies. *See* Stovall v. Denno, 388 U.S. 293, 301, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

designate the ulterior offense in the indictment does not necessarily, or even probably, infect the reliability of facts found by a properly instructed jury following trial. *Compare* Desist v. United States, 394 U.S. 244, 250, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); Linkletter v. Walker, 381 U.S. 618, 639 & n.20, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). In combination, these factors convince us that the requirement here announced should be applied only in the two circumstances above mentioned.

It is so ordered.