Maurice **VALENTINO**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 6277.

District of Columbia Court of Appeals.

Argued Aug. 9, 1972.

Decided Oct. 31, 1972.

Bernard W. Kemp, Washington, D. C., appointed by this court, for appellant.

Thomas H. Queen, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Peter C. Schaumber, Asst. U. S. Attys., were on brief, for appellee.

Before REILLY, Chief Judge, and KELLY and PAIR, Associate Judges.

PER CURIAM:

This is an appeal from a conviction in a jury-waived trial for attempted burglary in the second degree (D.C.Code 1967, §§ 22–103, 22–1801(b) (Supp. V, 1972)). Appellant contends that the trial court erred in denying his motions for acquittal and to suppress certain evidence.

The principal prosecution witness was a special police officer who testified that he had been assigned to guard a two-story building at 630 O Street, N.W., which contained some office equipment owned by the District government. The building was under guard because of a previous effort to break into it from the second floor of the adjoining vacant building at 632 O Street. Before going on duty at midnight the officer entered No. 632 and inspected the place where the break-in had been attempted. He noticed that some bricks contiguous to the upstairs room on that side of the party wall had been removed.

The officer also testified to the following occurrences: Several hours later, while on duty at No. 630, he heard banging noises coming from the other side of the party wall adjacent to the second floor. Going outside to investigate, he saw two men who had been standing in the street, start to walk away, singing loudly. He also observed a moving figure behind a second floor window of the building next door, and called up, telling the person inside to come

down. Appellant emerged, explained that he had gone into the empty building to look for boxes, but had not heard a noise. The officer flagged down a police car and, together with appellant and three Metropolitan policemen, went upstairs to the second floor of the empty building, discovered that the hole had been enlarged since his midnight visit, and that on the floor there were tools and a quantity of dirt. He recalled that appellant's pants were very dirty.

The testimony of this witness was corroborated by one of the police officers, who had arrived on the scene and accompanied the other officers and appellant on the revisit to the second floor. He testified that after arresting appellant he requested him to turn his trousers over to him so that the dust on the cloth could be matched against the dust in the broken wall. The officer arranged to have another pair of trousers brought to him and appellant changed into them in a police van prior to being taken to the precinct station.

At trial, the pants appellant had been wearing when apprehended were identified and offered, the witness describing the dust on their surface as the same as the dust of the brick rubble found on the floor. Appellant objected to this evidence being received but the court, treating the objection as a motion to suppress, overruled it. At the conclusion of the Government's case, a motion for acquittal was denied. Appellant did not take the stand.

■ After reviewing the record and briefs, we have concluded, contrary to appellant's contentions, that the trial court did have sufficient evidence before it to decide that appellant was guilty beyond a reasonable doubt. Hopkins v. United States, D.C.App., 274 A.2d 418 (1971); Hebble v. United States, D.C.App., 257 A.2d 483 (1969); Adams v. United States, D.C. App., 245 A.2d 640 (1968). Appellant is clearly mistaken in his assertion that there was no evidence in the record with respect to the ownership of the premises involved.

■■ Moreover, there was no error in the denial of the motion to suppress, for it is fundamental that as an incident of arrest based on probable cause, the police may seize items of evidence of the crime which are found on the arrestee, Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). We reject appellant's contention that the seizure of the challenged exhibit was analogous to cases where forcible stomach pumping, blood sampling, and the like, have been condemned by the courts.

Affirmed.