Joe **HUTCHINSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 8110.

District of Columbia Court of Appeals.

Argued March 13, 1975.

Decided June 10, 1975.

Frank Petramalo, Jr., appointed by this court, for appellant. William W. Taylor, III, Washington, D. C., also entered an appearance for appellant.

Bette E. Uhrmacher, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, David G. Larimer and C. Madison Brewer, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

The saga of this appeal begins in the United States District Court for the District of Columbia where appellant was charged with two counts of assault with intent to commit rape.[1] After trial by jury he was convicted of both counts. On appeal, those convictions were reversed by the United States Court of Appeals for the District of Columbia in an opinion which reads, in its entirety, as follows:

PER CURIAM: Appellant was convicted of two counts of assault with in-

1. D.C.Code 1973, § 22–501.

tent to commit rape. 22 D.C.Code § 501 (Supp. V 1972). Chapter 28, Title 22, District of Columbia Code reads:

### CHAPTER 28.—RAPE

§ 22–2801. DEFINITION AND PENALTY.

Whoever has carnal knowledge of a female forcibly and against her will or whoever carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for any term of years or for life.

The victims in the two counts with which appellant was charged were females over 16 years of age. Instead of charging under the first part of 22 D.C. Code § 2801 (Supp. V 1972): "Whoever has carnal knowledge of a female forcibly and against her will," the counts in the indictment against appellant charged under the second part relating to carnally knowing and abusing a female child.[1] Thus the counts of the indictments are brought under the wrong part of the statute. Since there is no crime of assault with intent to carnally know and abuse a female 16 years of age or older, appellant's conviction must be

Reversed.

Appellant was subsequently reindicted in the Superior Court for the same offenses.[2] He then moved to dismiss the indictment, arguing that a second trial would violate his Fifth Amendment right to be free of double jeopardy. The motion was denied by the trial judge after a hearing. Appellant thereupon waived his right to a jury trial, and both parties stipulated that the sole evidence presented to the court at the second trial would be the transcript of the first trial which had been held by the District Court. On defense counsel's representation that the evidence contained in the transcript was sufficient to sustain a conviction, the trial court found appellant guilty of the crimes charged. From that judgment this appeal followed, the double jeopardy issue being the sole point raised for our consideration.

The general principles which must govern the disposition of this appeal are not in dispute. Appellant concedes that, as a general rule, one who secures on appeal reversal of his conviction is subject to retrial. We do not understand the government, on the other hand, to disagree with appellant's contention that a judgment of acquittal, whether entered by trial or appellate court, bars retrial for the same offense. Where the parties join issue is on the interpretation to be given the action taken by the United States Court of Appeals in its opinion, quoted above, reversing appellant's District Court conviction.

▉ Appellant argues that the court there held that the indictment charged assault with intent to commit carnal knowl-

---

1. The two counts of the indictment read:
   FIRST COUNT:
   On or about February 12, 1972, within the District of Columbia, JOE HUTCHINSON assaulted [the first victim], a female person, with intent to carnally know and abuse the said [first victim].
   SECOND COUNT:
   On or about February 12, 1972, within the District of Columbia, JOE HUTCHINSON assaulted [the second victim], a female person, with intent to carnally know and abuse the said [second victim]. [United States v. Hutchinson, 156 U.S.App.D.C. 87, 478 F.2d 997 (1973).]

2. The wording of the second indictment was amended to include the necessary allegation of force and charged as follows:
   FIRST COUNT:
   On or about February 12, 1972, within the District of Columbia, Joe Hutchinson assaulted [the first victim], a female person, with intent to carnally know and abuse the said [victim] forcibly and against her will.
   SECOND COUNT:
   On or about February 12, 1972, within the District of Columbia, Joe Hutchinson assaulted [the second victim], a female person, with intent to carnally know and abuse the said [victim] forcibly and against her will.

edge and the government had failed to prove that offense, since one of its elements is that the victim be under 16 years of age.[3] Under this theory, the effect of the decision, according to appellant, was to acquit him of all charges. The government, on the other hand, contends that the Circuit Court's holding was that the indictment failed properly to charge any offense, so that appellant is subject to retrial under the established principle that reversal of a conviction on the ground that the indictment was defective does not raise the bar of double jeopardy to a subsequent prosecution. United States v. Thomas, 144 U.S.App.D.C. 44, 444 F.2d 919 (1971); United States v. Panzavecchia, 446 F.2d 1293 (5th Cir.), cert. denied, 404 U.S. 966, 92 S.Ct. 343, 30 L.Ed.2d 286 (1971); Goff v. United States, 446 F.2d 623 (10th Cir. 1971).[4]

■ Given the somewhat unusual facts of this case, we are persuaded that the Constitution does not prohibit appellant's retrial. The Circuit Court's opinion could have avoided the problem presented by in-cluding specific directions on remand. Lacking that guidance, our task is to discern the basis of the court's holding. We read the opinion to hold that the government failed properly to charge the offense of which appellant was convicted. It is clear that the government attempted to charge assault with intent to commit forcible rape, that appellant was convicted of that offense, and that the evidence was sufficient to sustain a conviction for that offense.[5] Accordingly, we are of opinion that the Circuit Court held the indictment deficient for failure properly to state the offense charged. In such a case the Double Jeopardy Clause does not bar reindictment and retrial, at least so long as the evidence is sufficient to sustain a conviction for the offense sought to be charged. United States v. Thomas, *supra*; United States v. Panzavecchia, *supra*; Goff v. United States, *supra*.

■ Accordingly, the judgment of conviction is affirmed.[6]

So ordered.

---

3. Both parties agree that the victims in the instant case were over 16 at the time of the offense.

4. We reject out of hand the government's contention that if the original indictment was defective jurisdiction over appellant *never* vested in the District Court and therefore jeopardy did not attach (government's brief at 12–13, n. 9). The Supreme Court stated in Ball v. United States, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896) that an acquittal by a court totally lacking in jurisdiction is absolutely void, and is no bar to a subsequent trial of the same offense in a court possessed of jurisdiction. At the same time, however, the Court held that a defective indictment does not deprive the court of jurisdiction, that its judgment is merely *voidable* rather than *void*, and that acquittal on even a defective indictment is an absolute bar to retrial. This holding has recently been explicitly reaffirmed. Benton v. Maryland, 395 U.S. 784, 796–97, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). *See also* Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).

5. In our consideration of this case we have obtained the record of appellant's appeal in the Circuit Court, believing that the opin-ion can best be understood in light of the issues presented to that court by the parties. It is absolutely clear from that record that all parties understood the charge against appellant to be assault with intent to have intercourse with the complainants forcibly and against their will, and the jury was instructed accordingly. Appellant's trial counsel moved during trial for dismissal of the indictment for failure to state the essential elements of the offense, and that issue was raised on appeal. Nowhere in the trial court or in its brief on appeal did appellant advance the theory that he was charged with assault with intent to commit carnal knowledge.

6. We find it unnecessary to decide whether the first indictment validly charged assault with intent to commit carnal knowledge or a lesser offense such as simple assault. If appellant was tried for and convicted of assault with intent to commit forcible rape, under a defective indictment, retrial for that offense is not barred simply because the indictment validly alleges another or lesser offense. United States v. Ball, *supra*; United States v. Thomas, *supra*. *See* United States v. Crosby, 119 U.S.App.D.C. 244, 245 n. 1, 339 F.2d 743, 744 n. 1 (1964).