**James DE VONISH, Petitioner–Appellant,**

v.

**John P. KEANE, Superintendent, Defendant–Appellee.**

**No. 887, Docket 93–2200.**

United States Court of Appeals, Second Circuit.

Argued Jan. 21, 1994.

Decided March 22, 1994.

Florence M. Kerner, Huntington, NY, for petitioner-appellant.

Tyrone Mark Powell, Asst. Atty. Gen. State of N.Y. (Robert Abrams, Atty. Gen. of the State of N.Y., of counsel), for respondent-appellee.

Before: VAN GRAAFIELAND and McLAUGHLIN, Circuit Judges, and BURNS,* District Judge.

* Honorable Ellen B. Burns, of the United States District Court for the District of Connecticut, sitting by designation.

PER CURIAM:

James De Vonish appeals from a judgment entered in the United States District Court for the Southern District of New York dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988). In his petition, De Vonish claimed that his New York state burglary convictions were unconstitutionally obtained because the indictment failed to specify the particular crime De Vonish intended to commit upon entering the dwellings. We affirm.

### I.

In April 1986, De Vonish broke into and robbed two Manhattan apartments while carrying a switchblade. The police apprehended him near the scene of the crimes shortly thereafter. The following month, De Vonish was indicted in New York state court on two counts of first-degree burglary, in violation of N.Y. Penal Law § 140.30(1), one count of third-degree possession of a weapon, in violation of N.Y. Penal Law § 265.02(1), and one count of possessing burglar's tools, in violation of N.Y. Penal Law § 140.35.

The burglary counts of the indictment read as follows:

[Count One:] The defendant, in the County of New York, on or about April 23, 1986, knowingly entered and remained unlawfully in the dwelling of Rosalee Isaly *with intent to commit a crime therein,* and in effecting entry and while in said dwelling and in the immediate flight therefrom the defendant possessed a deadly weapon, to wit, a switchblade.

[Count Two:] The defendant, in the County of New York, on or about April 23, 1986, knowingly entered and remained unlawfully in the dwelling of Elizabeth Saltzman *with intent to commit a crime therein,* and in effecting entry and while in said dwelling and in the immediate flight therefrom the defendant possessed a deadly weapon, to wit, a switchblade.

(Emphasis added.) Thus, the indictment did not specify *which* crime(s) De Vonish intended to commit when he entered the dwellings.

The jury found De Vonish guilty of committing the burglaries and possessing the switchblade. On direct appeal of his conviction, De Vonish argued, among other things, that his indictment was constitutionally deficient because it failed to adequately apprise him of the charges against him. The Appellate Division, First Department, rejected De Vonish's challenge to the sufficiency of the indictment and affirmed the conviction. *People v. Devonish,* 159 A.D.2d 320, 321, 552 N.Y.S.2d 597 (1st Dep't 1990). The Court of Appeals denied leave to appeal. *People v. Devonish,* 76 N.Y.2d 733, 558 N.Y.S.2d 895, 557 N.E.2d 1191 (1990).

In November 1991, De Vonish filed the instant petition for a writ of habeas corpus. In his petition, De Vonish renewed the argument that his indictment was constitutionally deficient. The district court rejected De Vonish's argument and denied the application, finding that the indictment sufficiently pled the elements of burglary under New York law.

The district court granted De Vonish a certificate of probable cause, and he now appeals.

### II.

"An indictment is sufficient when it charges a crime [1] with sufficient precision to inform the defendant of the charges he must meet and [2] with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis,* 952 F.2d 686, 693 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1982, 118 L.Ed.2d 580 (1992); *see Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962); *United States v. Tramunti,* 513 F.2d 1087, 1113 (2d Cir.), *cert. denied,* 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed.2d 50 (1975). "It is generally sufficient that the indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974) (quoting *United States v. Carll,* 105 U.S. (15 Otto) 611, 612, 26 L.Ed.

1135 (1882)); *see Tramunti,* 513 F.2d at 1113 ("an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime").

█ Relying on *United States v. Thomas,* 444 F.2d 919 (D.C.Cir.1971), and *Government of Virgin Islands v. Pemberton,* 813 F.2d 626 (3d Cir.1987), De Vonish argues that his indictment fails this constitutional test because it does not specify the particular crime De Vonish intended to commit upon entering the two dwellings. We disagree.

█ In New York, a person is guilty of burglary when "he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein." N.Y. Penal Law § 140.30. A specific intent to commit a particular crime upon entry is not a material element of the offense under New York law. *People v. Mackey,* 49 N.Y.2d 274, 279, 425 N.Y.S.2d 288, 401 N.E.2d 398 (1980). Rather, the State need prove only a general criminal intent, which may be inferred from the circumstances of the break-in itself. *Id.* at 280, 425 N.Y.S.2d 288, 401 N.E.2d 398. *See also People v. Gilligan,* 42 N.Y.2d 969, 398 N.Y.S.2d 269, 367 N.E.2d 867 (1977). Because an intent to commit a particular crime is not a material element of the offense charged, De Vonish's indictment satisfied the Constitution's minimum standards since it tracked the language of the New York burglary statute, and specified the approximate time and place of the alleged crime. *See Tramunti,* 513 F.2d at 1113.

We recognize that *Thomas* and *Pemberton* held that the burglary indictments challenged in those cases were fatally defective because they failed to specify the particular crime intended. *See Thomas,* 444 F.2d at 922; *Pemberton,* 813 F.2d at 632. In each of those cases, however, the relevant burglary statutes were interpreted to require proof of a specific intent to commit a particular offense upon entry. *See Thomas,* 444 F.2d at 921 ("The prohibition contained in the District's burglary statute ... is a proscription on entry of a dwelling with any one or more

of a certain category of specific intents and not merely a proscription against entry with a generally evil or criminal intent."); *Pemberton,* 813 F.2d at 631 ("an indictment charging a violation of a statute requiring a specific intent to commit another offense must allege that intent with particularity").

Contrary to the rule in most states, however, *see* 12A C.J.S. *Burglary* § 54 (1980), New York's burglary statute does not require proof of such specific intent. *See Mackey,* 49 N.Y.2d at 280, 425 N.Y.S.2d 288, 401 N.E.2d 398. "In order to secure a conviction for burglary, the People need only allege a knowing and unlawful entry coupled with an intent to commit *a* crime therein. There is no requirement that the People allege or establish what particular crime was intended, or that the intended crime actually be committed." *People v. Mahboubian,* 74 N.Y.2d 174, 193, 544 N.Y.S.2d 769, 543 N.E.2d 34 (1989) (emphasis in original). De Vonish's indictment cannot be constitutionally defective for failing to specify facts supporting an element of the offense that New York law does not require.[1]

AFFIRMED.

---

1. We note that De Vonish limits his constitutional challenge to the adequacy of the indictment; he does not question whether New York's burglary statute, as construed by the Court of Appeals in *Mackey,* is constitutional. Accordingly, we leave that question for another day.