The STATE of Ohio, Appellee,

v.

RITTENHOUR, Appellant.

[Cite as *State v. Rittenhour* (1996), 112 Ohio App.3d 219.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–95–27.

Decided June 28, 1996.

**220**

*Russell Wiseman,* Crawford County Prosecuting Attorney, for appellee.

*John Spiegel,* for appellant.

EVANS, Judge.

This appeal is brought by William R. Rittenhour ("appellant") from the judgment of the Court of Common Pleas of Crawford County upon a jury verdict finding appellant guilty of one count of felonious sexual penetration, pursuant to R.C. 2907.12, and two counts of attempted rape, pursuant to R.C. 2907.02. Appellant was sentenced by the trial court to seven to twenty-five years in prison for the felonious sexual penetration conviction and five to fifteen years in prison on each count of attempted rape. The sentences imposed for attempted rape were to run concurrent to each other but consecutive to the sentence imposed for the felonious sexual penetration.

The events leading up to appellant's conviction are as follows. On the evening of May 29, 1995, appellant and his wife of twenty years, Denise Rittenhour, returned home after attending a cookout at a relative's house. Appellant had been drinking and resurrected a long-standing argument with Denise concerning her sexual relationships before their marriage. When Denise refused to speak on the subject, appellant resorted to vulgarity and physical violence. During an ensuing struggle, appellant pinned Denise to the floor by sitting on her chest and proceeded to beat her repeatedly about the face and head. Eventually, appellant forcibly removed Denise's pants and initiated the sex acts for which he was later convicted. When the abuse ended, Denise was able to escape from appellant and seek treatment for her injuries at a hospital. Appellant was subsequently arrested and charged with two counts of felonious sexual penetration and two counts of attempted rape. After a trial held in September 1995, appellant was found guilty of three of the four original charges as noted above.

Appellant appeals his conviction and sentence averring three assignments of error.

Assignment of Error No. 1

"As the Defendant was charged with sexual activity with his spouse, and as the defendant and his spouse were not separated nor was there any action to terminate their marriage pending, a conviction of sexual activity with his spouse violates the Defendant's rights under *Stanley v. Georgia* and *Griswold v. Connecticut.*"

In his first assignment of error, appellant contends that his convictions for felonious sexual penetration and two counts of attempted rape against his spouse are violations of appellant's constitutional right to privacy. Appellant attempts to extend the right to privacy set out in *Stanley v. Georgia* (1969), 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542, *Griswold v. Connecticut* (1965), 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510, and *Loving v. Virginia* (1967), 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010, to forcible, nonconsensual sexual conduct simply because the parties in this case were married at the time of the offenses.

We find appellant's argument entirely unprecedented and utterly without merit. The right to privately possess obscene material in *Stanley,* the right of married couples to use contraceptives in *Griswold,* and the freedom to marry outside one's race in *Loving* are privacy rights upheld in the cases cited by appellant. However, none of these cases supports the right of one spouse to physically and sexually abuse the other. The state is not regulating consensual sex between married couples in R.C. 2907.12(A)(2) or 2907.02(A)(2). Rather, appellant's conduct is unlawful because it was compelled by force against another person. See R.C. 2907.12(A)(2) and 2907.02(A)(2).

Following appellant's argument, a marriage license would give a spouse free rein to assault and sexually abuse his or her mate to any degree without fear of prosecution because of some impenetrable shield of marital sexual privacy. Meanwhile, the victim spouse would be stripped of his or her right to personal safety and bodily integrity. We find no authority, constitutional or otherwise, which vests spouses with the categorical right to harm their mates in such a manner.

Moreover, the legislature has directly proscribed the use of any marital defense in R.C. 2907.12(C) and 2907.02(G) to the crimes of felonious sexual penetration and rape. For these reasons, we overrule appellant's first assignment of error.

Assignment of Error No. 2

"When a trial court instructs the jury three different times but the court's instructions regarding essential elements fail to follow the statute, such instructions are prejudicial to the defendant."

The trial court in this case initially delivered an incomplete charge to the jury before sending it to deliberate. The judge instructed the jury, in part, as follows:

"Before you can find the Defendant guilty [of felonious sexual penetration], you must find beyond a reasonable doubt that * * * the Defendant without privilege to do so, inserted an instrument, body part, or apparatus or other object into the vaginal cavity of another.

"It is not a defense to a charge that the offender and the victim were married or were cohabitating at the time of the commission of the offense.

" * * *

"The Defendant has also been charged with two counts of Attempted Rape. Before you can find the Defendant guilty of count one, you must find beyond a reasonable doubt that * * * he did engage in attempted sexual intercourse. And basically attempt is when a person does something which is an act constituting a step in the course of conduct culminating in his commission of rape.

"Before you can find the Defendant Guilty of the second count you must find beyond a reasonable doubt that on or about the 29th of May, 1995, the Defendant did attempt to cause the victim to engage in fellatio.

"Now, basically those two are the same elements however one being actual intercourse with the vagina and the other with the mouth or oral and again I have them marked on the verdict forms so you will know."

However, upon prompting by counsel and before sending the jury out for deliberations, the court added:

"Needless to say ladies and gentleman of the jury, when I explained the elements of the crimes to you of Felonious Sexual Penetration and Attempted Rape, basically, I did not use or recall using the magic words: The Defendant did purposely compel the victim to do this. And if I did not use any wording indicating that, please assume that is in all of these charges. The Defendant had to intend for these crimes to occur or purposely desired them to occur."

After deliberating for an hour, the jury dispatched a note to the trial judge requesting a copy of the state law on each count. Upon request of counsel, the trial court read the actual language from the Ohio Revised Code to the jury. For the charges of sexual felonious penetration the court read R.C. 2907.12(A)(2) verbatim to the jury along with R.C. 2907.12(C). The elements of rape as set in R.C. 2907.02(A)(2) were also given verbatim to the jury. Along with these code sections, the trial court read the following Ohio Jury Instructions charge on attempt:

"A criminal attempt occurs when one purposely does something which is an act constituting a substantial step in a course of conduct planned to culminate in the commission of the crime."

The court expounded by stating that "[i]n other words, it would be when one purposely does something which would be a substantial step towards the crime of committing a rape." Following this definition of attempt, the prosecutor requested a side bar, the result of which led to the code definition of attempt being read to the jury from R.C. 2923.02(A).

▮▮▮ Appellant contends that not only were the repeated instructions confusing to the jury, but the court failed to define words composing the elements of the crimes such as "force," "another," "compel," "privilege," and "sexual conduct." We do not find any error in the jury instructions given in this case. Whatever confusion the jury may have experienced in the initial charge was surely rectified by the court restating the relevant portions of law directly from the Ohio Revised Code. All of the necessary elements of each charge were included therein. Moreover, we find no objection in the record concerning the trial court's jury instruction or, specifically, its failure to adequately define terms used in the charge. Crim.R. 30(A) requires counsel make a specific objection to jury instructions before the jury retires to deliberate in order to preserve the error for appeal. *State v. Lane* (1976), 49 Ohio St.2d 77, 3 O.O.3d 45, 358 N.E.2d 1081. While the jury received three different definitions of attempt, appellant's counsel noted that "if that isn't personifying that question, I don't know what is." Apparently, appellant was satisfied that "attempt" had more than adequately been explained to the jury. Therefore, we overrule appellant's second assignment of error.

### Assignment of Error No. 3

"The trial court erred in sentencing Defendant, where the sentence was based upon passion arising from remarks of the Defendant included in the presentence investigation."

▮▮▮ In his third assignment of error, appellant claims that the trial court improperly sentenced him based upon passion resulting from statements included in the presentence investigation report. That report indicated that appellant felt the only reason he had been convicted in this case was because Crawford County was a "kangaroo court" and the judge had mishandled the courtroom. This statement was quoted by the trial judge just prior to sentencing appellant.

While this comment was noted by the trial court at the sentencing hearing, we cannot find that the trial court acted unreasonably in imposing its sentence. Appellant had been convicted of one count of felonious sexual penetration and two

counts of attempted rape. The possible prison sentence for felonious sexual penetration, an aggravated felony of the first degree, ranges from indefinite terms of five, six, seven, eight, nine, or ten years with a maximum term of twenty-five years and a possible fine of up to $10,000. In this case, appellant received a sentence of seven to twenty-five years for his conviction. As for the two counts of attempted rape, aggravated felonies of the second degree, appellant's conviction subjects him to a possible indefinite sentence of three, four, five, six, seven, or eight years in prison with a maximum term of fifteen years on each count and a fine up to $7,500. Appellant was sentenced to concurrent terms of five to fifteen years for these charges to run consecutive to his sentence for felonious sexual penetration. Overall, his sentence was well within the statutory guidelines. Generally, there is no abuse in discretion when the sentence is authorized by statute. *State v. Cassidy* (1984), 21 Ohio App.3d 100, 102, 21 OBR 107, 108–109, 487 N.E.2d 322, 323. See, also, *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, paragraph one of the syllabus.

Furthermore, although the presumption on a silent record is that the trial court considered the sentencing factors contained in R.C. 2929.12, the trial court in this case made specific reference to the presentence investigation report. *State v. Cyrus* (1992), 63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95–96. Specifically, the trial court noted the violent nature of the crimes in this case as well as the presentence investigation report, which indicated that appellant was not amenable to treatment for his drug and alcohol problem. Although the court did not follow the recommendation contained in the presentence report and imposed a harsher sentence, that decision was within the discretion of the court. Moreover, the sentence was supported by the presentence report. We find no abuse of discretion in the sentencing of appellant, and, therefore, we overrule his third assignment of error.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the decision of the trial court.

*Judgment affirmed.*

HADLEY, P.J., and SHAW, J., concur.