[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to Appellate Rule 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we elect to render decision by written opinion.
On October 10, 1996 Clinton York (York), then 23 years old, solicited sexual contact from a 14 year old child. On October 26, 1996, York engaged in sexual contact with a different child, then 15 years old. Upon an indictment filed in the Van Wert County Court of Common Pleas, York was charged with two offenses, Importuning and Corruption of a Minor. After plea negotiations, York pled guilty to the charge of Importuning[1] and an amended charge of Attempted Corruption of a Minor.[2] On March 6, 1998, York was sentenced to maximum terms of incarceration for each offense. The terms were ordered to be served concurrently. York appeals from this judgment.
York raises one assignment of error.
 I. The trial court committed an error of law by imposing a sentence contrary to R.C. § 2929.11 through R.C. § 2929.18.
This is an appeal brought pursuant to R.C. § 2953.08(A)(4) claiming the trial court's sentence for the felony charge of Attempted Corruption of a Minor was contrary to the felony sentencing statute, R.C. §§ 2929.11 et seq. York maintains that the trial court failed to consider mitigating factors which would have made his conduct appear "less serious" than that which normally constitutes this offense. York claims the factors ignored by the trial court were that 1) the victim "induced the offense" by "proposition[ing him] to have sex with her," 2) he "did not expect to cause physical harm to the victim" and 3) he acted under a "strong provocation." Pursuant to R.C. § 2929.14(C) a court may impose the longest prison term upon "offenders who committed the worst forms of the offense," or "upon offenders who pose the greatest likelihood of committing future crimes." After considering the seriousness of the offense together with the likelihood of recidivism, the trial court found "pursuant to R.C.2929.14(C) that [York] pose[d] the greatest likelihood of recidivism."
In exercising its sentencing discretion, a trial court must consider factors of seriousness and recidivism when deciding the term of incarceration for felony offenders. R.C. § 2929.12. However, even a silent record raises a presumption that the court considered those particular criteria enumerated in R.C. § 2929.12.State v. Ramirez (1994), 98 Ohio App.3d 388, 648 N.E.2d 845; seealso, State v. Rivers (Feb. 26, 1998), Marion App. No. 9-97-76, unreported. Further, a court need not make a statement that it considered the sentencing factors in R.C. 2929.12 prior to rendering sentence. State v. Cyrus (1992), 63 Ohio St.3d 164,586 N.E.2d 94; See also, State v. Rittenhour (1996) 112 Ohio App.3d 219,224, 678 N.E.2d 293, 296.
Here, the court stated that it reviewed the pre-sentence investigation report and statutory factors relating to seriousness and recidivism. There is nothing in the record to suggest that the court did not do as it said it did. The pre-sentence investigation report was made part of the record and indicates that York possessed several recidivism factors: 1) a lengthy criminal history involving offenses of substance abuse; 2) had not previously responded well to sanctions imposed for a criminal offense; 3) has demonstrated a pattern substance abuse and 4) showed little or no remorse for his crimes.
A sentence imposed within the statutory limits and upon consideration of the statutory criteria is generally within the trial court's discretion and will not be reversed on appeal.State v. Tutt (1988), 44 Ohio App.3d 138, 541 N.E.2d 1090. Upon review of the record, the sentence imposed here was within the statutory guidelines and was well within the court's discretion to impose.
York's assignment of error is overruled.
Judgment affirmed.
 SHAW, P.J., and HADLEY, J., concur.
[1] Importuning, a violation of R.C. § 2907.07(C), is a fourth degree misdemeanor punishable by a maximum term of 30 days in jail.
[2] Attempted Corruption of a Minor, a violation of R.C. § 2907.04(A) and R.C. § 2923.02(E), is a fifth degree felony punishable by a maximum term of incarceration of 12 months in prison.