[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Dennis Goucher, Jr., appeals his conviction and sentence entered in the Defiance County Court of Common Pleas. Goucher was convicted of Murder and Attempted Murder and sentenced to an aggregate term of imprisonment of not less than twenty-five years to life.
On March 28, 1997, Maureen Lambert, then eight months pregnant, was visiting her friend John Mason at his home in Defiance, Ohio. Goucher, a former roommate of Mason, appeared at Mason's home on two occasions that day. During both visits Goucher argued with Mason over the whereabouts of a weight bench. On Goucher's second visit he entered Mason's bathroom while Lambert and Mason were watching television. Goucher walked from the bathroom holding a hand gun, approached Mason and shot him in the chest, killing him. Mason was discovered still seated in a reclining chair with his legs crossed. After shooting Mason, Goucher then pursued Lambert. Lambert attempted to run from Goucher, but was shot once through her middle torso. Lambert fell to the floor in a sitting position and was shot a second time by Goucher.
Goucher was indicted for the offenses of Murder and Attempted Murder, both with firearm specifications. During Goucher's initial competency evaluation, he was diagnosed as having a treatable bipolar mental disorder. Goucher received treatment and was later declared competent to stand trial. Goucher then pled guilty to the Murder of Mason and the Attempted Murder of Lambert. The State dismissed the firearm specifications relating to each offense and recommended that Goucher serve a term of eight years in prison for his conviction of Attempted Murder.
After accepting Goucher's guilty pleas, on April 21, 1998 the trial court sentenced Goucher to fifteen years to life on the offense of Murder and ten years on the offense of Attempted Murder. Goucher's ten year sentence for Attempted Murder was ordered to be served consecutively with the term imposed for his Murder conviction. Goucher's aggregate sentence is no less than twenty-five years to life in prison. Goucher now takes this appeal.
 I.
Goucher's first assignment of error states:
 The court erred when it imposed the maximum on the attempted murder charge and ordered the Defendant's sentences to be served consecutively.
Goucher does not challenge the appropriateness of his sentence for the Murder of Mason. Rather, Goucher contends the trial court erred by imposing a maximum term of imprisonment for his Attempted Murder of Lambert and by ordering that term to be served consecutively to his Murder sentence.
"A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." State v. Jones (July 22, 1998), Auglaize App. No. 2-98-1, unreported, quoting, State v.Yontz (1986), 33 Ohio App.3d 342, 342, 515 N.E.2d 1012. Further, an appellate court may not reverse or otherwise modify a sentence unless it "clearly and convincingly finds" that the sentence is unsupported by the record, not authorized by statute or is otherwise contrary to law. R.C. § 2953.08(G)(1). Here, Goucher had not previously served a prison term. Where an offender has not previously served a prison term, any term greater than the shortest prison term allowed by statute may not be imposed unless the court finds "on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. § 2929.14(B).
The trial court found that Goucher "presents a substantial danger to the public and imposing a minimum term on Count Two of the Indictment [Attempted Murder] would demean the seriousness of the offense and not adequately protect the public." (J.E. p. 1). Thereafter, the court sentenced Goucher to serve a ten year prison term, the highest prison term allowed for Attempted Murder. Goucher claims the court erred when sentencing him to the longest term allowed, rather than the eight year term recommended by the prosecutor pursuant to plea agreement.
Pursuant to R.C. § 2929.14(C), a court has the discretion to impose the longest prison term upon "offenders who committed the worst forms of the offense," or "upon offenders who pose the greatest likelihood of committing future crimes." When determining whether an offender committed the worst form of a particular offense, a court shall consider the factors listed in R.C. § 2929.12(B) (C) and "may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. § 2929.12(A). The overriding purposes and principles of sentence are to protect the public and punish the offender. R.C. § 2929.11(A).
The offense of Murder carries a mandatory term of fifteen years to life in prison. See, R.C. § 2929.02(B) and R.C. § 2929.13(F)(1). Attempted Murder, a violation of R.C. § 2923.02
and 2903.02, is a first degree felony and "shall be punished by three, four, five, six, seven, eight, nine, or ten years in prison." R.C. § 2929.14(A)(1). Here, the trial court imposed the maximum term of ten years for Goucher's Attempted Murder of Maureen Lambert.
In support of his first assignment of error, Goucher claims the trial court failed to consider two "less serious" factors listed in R.C. § 2929.12(C)(1) (4) when imposing the maximum prison term allowed for an Attempted Murder offense. The subsections cited by Goucher, however, are not the only factors a court must consider when determining the seriousness of an offender's conduct for sentencing purposes. See, R.C. § 2929.12(B)-(C) (which list various "more serious" and "less serious" factors).
Relying on R.C. § 2929.12(C)(1), Goucher first contends that his Attempted Murder of Lambert was not the worst form of that offense because Mason facilitated or induced his criminal behavior. Goucher's argument, however, ignores that he was convicted of two separate crimes. The subsection cited by Goucher requires the court to consider whether "The victim induced or facilitated the offense." R.C. § 2929.12(C)(1) (emphasis added). Here, Goucher does not contend that Lambert, the victim of the Attempted Murder offense, did anything to facilitate or induce that offense and there is nothing in the record to suggest that she did.
Further, even if the circumstances of Goucher's murder of Mason are considered, there is no indication that Mason induced, facilitated or otherwise threatened Goucher. A photograph of Mason introduced at the sentencing hearing indicates that Mason was shot while sitting in a reclining chair with his legs crossed. Further, Goucher admitted to his psychologist that the inducement to kill Lambert was that she saw him shoot Mason. Accordingly, it is clear Goucher shot Lambert to silence the witness who saw him murder Mason. This criminal purpose affords no basis for relief from punishment.
Goucher also contends the trial court erred when imposing the maximum term of imprisonment for his Attempted Murder of Lambert because "the court failed to give adequate weight to the Defendant's mental condition." Specifically, Goucher claims his diagnosed bipolar mental disorder should have been viewed as "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." R.C. § 2929.12(C)(4).
At Goucher's sentencing hearing, he called Jeffrey Smalldon, a psychologist who examined Goucher on one occasion in February of 1998. Smalldon diagnosed Goucher as suffering from a mental illness he described as "bipolar disorder manic." (Trial Rec. p. 33). Doctor Smalldon stated that Goucher's "most recent episode was characterized by symptoms of mania." Id. Smalldon opined that Goucher's was most likely suffering from this mental illness one year earlier when he shot both Mason and Lambert.
On cross examination, however, Dr. Smalldon stated that he was "absolutely not" suggesting that Goucher be excused from his criminal conduct based on this mental illness. Further, Dr. Smalldon stated that Goucher appreciated the wrongfulness of his conduct and admitted he shot Lambert because she witnessed his shooting of Mason. Finally, Dr. Smalldon recalled that Goucher showed no signs of remorse for his victims.
The court stated in its sentencing entry that it relied on statements by various persons when sentencing Goucher. During the hearing, the court specifically noted that statements made by Lambert and testimony from Dr. Smalldon were most helpful to its findings. The trial court then found that Goucher's Attempted Murder of Lambert "constitutes the worst form of that particular offense." (J.E. p. 2). This finding is supported by the record and was based upon the proper statutory criteria. Accordingly, because the maximum term imposed on Goucher is within the statutory guidelines, the court did not abuse its sentencing discretion. State v. Jones (July 22, 1998), Auglaize App. No. 9-98-1, unreported; and State v. Tutt (1988), 44 Ohio App.3d 138,541 N.E.2d 1090.
Goucher's first assignment of error also asserts the trial court erred by requiring his sentence for Attempted Murder to be served consecutively to his sentence for Murder. Goucher, however, has failed to argue this assignment separately in brief. Accordingly, because Goucher has not identified any part of the record indicating how trial court erred when imposing consecutive sentences, his assignment of error relating to that portion of the judgment is without merit. App. R. 12(A)(2).
Goucher's first assignment of error is overruled.
 II.
Goucher's second assignment of error states:
 The sentencing entry does not state that the court considered 2929.12C(1) the victim induced or facilitated the offense; and 2929.12C(4) there are substantial grounds to mitigate the offenders (sic) conduct, although the grounds are not enough to constitute a defense.
Here, Goucher claims the court erred when it failed to state on the record that it considered subsections (C)(1) and (C)(4) of R.C. § 2929.12 when imposing its sentence. This assignment of error is generally a restatement of Goucher's first assignment of error concerning the propriety of his maximum prison term on the offense of Attempted Murder.
Here, the court stated in its judgment entry of sentence that it considered "the statutory sentencing factors" and found that "prison is consistent with the sentencing purposes of Revised Code Section 2929.12." (Sentencing Entry, p. 1) (emphasis added). Further, there is no requirement in R.C. § 2929.12(C) or elsewhere in the sentencing statute that the trial court state on the record that it considered each "less serious" sentencing factor. See,State v. Cyrus (1992), 63 Ohio St.3d 164, 586 N.E.2d 94; seealso, State v. Rittenhour (1996) 112 Ohio App.3d 219, 224,678 N.E.2d 293, 296. Accordingly, Goucher's second assignment of error is overruled.
Judgment Affirmed.
SHAW, P.J., and HADLEY, J., concur.