This is an appeal of a sentencing order issued by the Maumee Municipal Court on two counts of criminal trespassing. Because we conclude that the court acted within its discretion in fashioning the sentence, we affirm.
On June 21, 1997, at approximately 7:45 p.m. a couple driving on a state highway in western Lucas County, Ohio, observed a dark haired Caucasian male wearing only a red baseball cap appear from a wooded thicket next to the road. The couple immediately reported the incident to law enforcement via a cellular telephone. A village of Whitehouse police officer patrolling approximately one-half mile from the location responded. He found a car parked off the roadway which proved to be registered to appellant, Michael Pitts. A moment later, appellant emerged from some woods wearing only shorts and a red baseball hat.
Eventually, appellant was charged with a total of seven counts of public indecency and six counts of criminal trespass arising out of this and other incidents which occurred at or near the same location.
The matter went to trial before a jury. However, after five days of trial, the state and appellant agreed to a negotiated plea wherein appellant was to plead no contest with a consent to be found guilty to two counts of criminal trespass. The remaining charges were to be dismissed.
The court accepted the plea agreement and, following a presentence investigation, entered its sentencing order. At the sentencing hearing, the court addressed appellant;
 "Before me are two counts of criminal trespass. Because we did proceed to trial and I did take testimony in this case, I cannot and will not simply ignore the testimony that was presented in this case during those five days of trial. As such, your conduct during these criminal trespasses is inextricably linked to my decisions relative to your sentencing in these cases."
The court then sentenced appellant to thirty days incarceration and a $250 fine on each count. Twenty-three of the thirty days on each count was suspended subject to three years probation; the remainder of the sentence was to be served on electronic home monitoring. The specific probation terms included no similar public indecency charges and participation in mental health counseling as directed by the probation department.
From this sentence, appellant appeals, raising the following single assignment of error:
 "The Trial Court Took Into Account Unproven And Unsubstantiated Charges Of Public Indecency In Sentencing Appellant Thereby Violating His Right To Due Process."
Notwithstanding recent statutory modifications which changed Ohio's felony sentencing scheme, see R.C. 2929.01 et seq., misdemeanor sentencing remains within the court's sound discretion and will not be reversed absent an abuse of that discretion. State v. Hill (1994), 70 Ohio St.3d 25, 29. It has long been held, in general, that a trial court cannot abuse its discretion where the sentence imposed is within the limits authorized by law. Toledo v. Reasonover (1965), 5 Ohio St.2d 22, paragraph one of the syllabus; State v. Rittenhour (1996),112 Ohio App.3d 219, 224; State v. Mays (1995), 104 Ohio App.3d 241,249; State v. Burge (1992), 82 Ohio App.3d 244, 249; State v.Grigsby (1992), 80 Ohio App.3d 291, 302; State v. Cassidy (1984),21 Ohio App.3d 100, 102. The sentence imposed here is within the limits authorized by law. See R.C. 2929.21(B)(4), (C)(4).
Nevertheless, appellant insists that the sentence violated his right to due process because the court improperly considered the dismissed public indecency charges. Even if such considerations were proper, appellant argues, it was fundamentally unfair for the court to rely on the prosecution's trial testimony when the defense did not have a full opportunity to present evidence to the contrary.
Arguably, improper sentencing considerations, which demonstrate the court's prejudice or bias in sentencing, could constitute unreasonableness or unconscionability which would signal an abuse of discretion. See, State v. Adams (1980),62 Ohio St.2d 151, 157. However, it is well established that a sentencing court specifically may consider other arrests and criminal charges, even if these incidents did not result in conviction. State v. Burton (1977), 52 Ohio St.2d 21, 23; Cityof Maple Heights v. Dickard (1986), 31 Ohio App.3d 68, 71.[1]
In this matter, appellant was charged with multiple counts of public indecency. The court could properly consider these charges in fashioning its sentence. The fact that the court heard testimony on these charges neither adds to nor detracts from the court's right to consider the public indecency accusations. The decision to terminate the proceedings was as much appellant's as it was appellee's and he cannot now complain that strategy operated to his prejudice.
Accordingly, appellant's sole assignment of error is not well-taken and the sentencing order of the Maumee Municipal Court is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
 State v. Pitts L-98-1203
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.______ _______________________________ JUDGE
James R. Sherck, J.__________ _______________________________ JUDGE
Mark L. Pietrykowski, J._____ _______________________________ JUDGE CONCUR.
[1] At oral argument, appellant cited as supplementary authority State v. Jeffers (1978), 57 Ohio App.2d 107, which held that a sentencing court could not increase a penalty because it believed the defendant lied in her testimony before the court. That case is distinguishable from the present because Jeffers was never formally accused or arrested for perjury, while appellant in the present case struck a plea bargain from the original public indecency charges.