DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Toledo Municipal Court wherein appellant, Timothy Swan, was convicted of violating Ottawa Hills Codified Ordinance 660.14(b), a minor misdemeanor.
Appellant was cited with a violation of the ordinance on February 6, 2001, for maintaining large piles of wood in his driveway and yard. Appellant filed a motion to dismiss the charge, arguing that the ordinance is vague and unconstitutional. The trial court denied the motion, and the matter proceeded to trial June 1, 2001.
Following a bench trial, appellant was convicted and sentenced to a $100 fine and court costs. Appellant was additionally ordered to keep no more than three cords of wood on his property, neatly stacked, and not to keep wood in his driveway or front or back yard. Appellant was also ordered to have "no wood in process" on his property.
Appellant filed a notice of appeal with this court August 17, 2001, and asserts the following assignments of error:
 "ERROR NO. 1: The ordinance is vague and unconstitutional as written and as applied to the Appellant.
 "ERROR NO. 2: The Court erred when denying Defendant's Rule 29 Motion to Dismiss on the basis that the ordinance does not enumerate wood as unsightly material but instead found the Defendant guilty of the violation by classifying wood as debris.
 "ERROR NO. 3: The Court erred when denying Defendant's Rule 29 Motion to Dismiss on the basis that the Appellee did not properly identify the address as being in violation of the ordinance.
 "ERROR NO. 4: The Court exceeded its' [sic] sentencing authority when it imposed upon Appellant a sentence other than a fine."
In his first assignment of error, appellant asserts that the property maintenance ordinance is unconstitutionally vague because "it does not provide sufficient notice of its proscriptions and does not contain reasonably clear guidelines to prevent arbitrariness or discrimination in its enforcement." Appellant bases his argument on the fact that the word "wood" is not specifically mentioned in the ordinance as a prohibited item. Appellant reasons that since wood is not listed, the ordinance does not prevent the storage of wood on appellant's property.
Appellant also asserts that enforcement of the ordinance is arbitrary and discriminatory because other homeowners in Ottawa Hills store wood on their property, but only appellant has received a violation. Appellant points to the fact that the ordinance does not specify what constitutes an acceptable amount of wood or an acceptable manner in which to keep it. Appellant also argues that prohibiting wood on his property because it is a potential fire hazard is arbitrary because "[p]otential fire hazards are limitless."
There is a strong presumption that all legislative enactments are constitutional. State v. Collier (1991), 62 Ohio St.3d 267, 269. If a statute or ordinance is alleged to be void for vagueness, all doubts must, if possible, be resolved in favor of its constitutionality. Oregonv. Lemons (1984), 17 Ohio App.3d 195, 196. "[T]he challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law." State v.Anderson (1991), 57 Ohio St.3d 168, 171. Consequently, laws are vague when they "trap the innocent by not providing fair warning." Grayned v.Rockford (1972), 408 U.S. 104, 108.
At the time of appellant's violation, section 660.14 of the Codified Ordinances of the Village of Ottawa Hills stated in pertinent part:
"660.14 Property Maintenance
 "In order to (1) prevent hazards to the health, safety and welfare of occupants or public or; (2) avoid a blighting or deteriorating influence on neighboring properties; and (3) to prevent conditions which might impair or adversely affect the value of neighboring properties, the owner, occupant or agent having charge of any property in the Village of Ottawa Hills shall:
 "b. * * * keep all yards or lots free from unsightly materials not appropriate to the area and debris which may cause a fire hazard or may act as a breeding place for vermin or insects. Unsightly materials not appropriate to the area shall include but not be limited to inoperable or unlicensed motor vehicles including motorized bicycles and motorcycles, motor vehicle parts, construction materials, brush piles, miscellaneous debris, out of use appliances, inoperable or unlicensed boats or watercraft, snowmobiles, recreational vehicles, or trailers." (Emphasis added.)
Although appellant correctly states that the word "wood" does not appear as a prohibited item, the ordinance indicates that the list is not all-inclusive. Furthermore, the Ohio Supreme Court has held that an ordinance is not void for vagueness merely because it could have been more precisely worded. State v. Dorso (1983), 4 Ohio St.3d 60, 61.
In this case, the photographs of appellant's property, admitted into evidence as exhibits two through four, reveal a large quantity of wood ranging in size from twigs to tree trunks. Much of the wood appears uncut, heaped into a large pile in the driveway. Considering this evidence, as well as the testimony presented, a trier of fact could certainly find appellant in violation of section 660.14 of the Ottawa Hills Codified Ordinances.
Regarding enforcement of the statute, appellant's claim that his property was singled out was not substantiated at trial. Furthermore, the record indicates that appellant was not trapped by the ordinance in question. On the contrary, the Ottawa Hills village manager, Marc Thompson, contacted appellant several times, through letters as well as in person, with regard to the large amount of wood appellant was keeping on his property. Appellant also received a copy of the ordinance shortly after it was adopted, approximately one year before appellant was cited with the violation. Thompson testified that the wood on appellant's property had been an issue since at least 1994.
Based upon the foregoing, we find appellant's first assignment of error not well-taken.
In his second and third assignments of error, appellant asserts that the trial court erred in denying his motion for acquittal because the court incorrectly classified wood as debris, and because appellant's address was misstated during trial.
Regarding appellant's second assignment of error, appellee asserts that classifying the wood on appellant's property as debris was just one way of finding that appellant had violated the ordinance. The other way was to characterize the wood as unsightly material inappropriate to the area which, appellee argues, the trial court could easily have done. We agree.
"Pursuant to Crim. R 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus. The trial court's decision will not be reversed unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt. State v. Allen, Jackson App. No. 00CA24, 2002 Ohio 2155, at ¶ 18. When an appellate court reviews a trial court's decision regarding a motion for acquittal, the appellate court must construe the evidence in a light most favorable to the state. State v.Fyffe (1990), 67 Ohio App.3d 608, 613; State v. Wolfe (1988),51 Ohio App.3d 215, 216.
In this case, there was testimony indicating that the large amount of wood on appellant's property was not typical in his neighborhood, or appropriate based on lot size. Photographs of appellant's property corroborated the unsightly nature of the wood. Testimony also revealed that appellant's neighbors had complained to the village of Ottawa Hills. Viewed in the light most favorable to appellee, we find that reasonable minds could have found that appellant violated section 660.14 of the Ottawa Hills Codified Ordinances.
Regarding appellant's third assignment of error, appellant argues that the trial court erred when it denied his motion for acquittal because appellee did not properly identify appellant's address as being in violation of the ordinance. Appellant points to Thompson's testimony, alleging that Thompson testified that the address in question was 3343 Gallatin when the correct address was 3433 Gallatin. We note that Thompson actually testified that appellant's address was 3334 Gallatin, and that as he did so he expressed uncertainty regarding those numbers. However, this misstatement is irrelevant in light of the evidence presented of appellant's correct address.
Counsel for both appellant and appellee stipulated to a copy of appellant's deed bearing the address 3433 Gallatin, and also stipulated that appellant was the owner of that property. The photographs admitted also bore the correct address, as did copies of correspondence sent to appellant by the village. Thompson even later testified as to appellant's correct address.
In light of this evidence, we find no error in the trial court's denial of appellant's motion for acquittal based upon improper identification. Accordingly, appellant's second and third assignments of error are not well-taken.
Appellant asserts in his fourth assignment of error that the trial court exceeded its authority in sentencing him by placing restrictions on the amount of wood he can store on his property and the manner in which it must be stored. Appellant argues that because R.C. 2929.21(D) calls for the imposition of a $100 fine for a minor misdemeanor, the trial court could not sentence appellant to anything more than the $100 fine.
Appellee argues that the trial court was legislatively granted the authority to abate the nuisance on appellant's property pursuant to R.C.1901.131 because the case was filed in the housing and environmental division of the Toledo Municipal Court. R.C. 1901.131 states:
"Whenever an action or proceeding is properly brought in the housing or environmental division of a municipal court, the division has jurisdiction to determine, preserve, and enforce all rights involved in the action or proceeding, to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties, including, but not limited to, the granting of temporary restraining orders and temporary and permanent injunctions, to render personal judgment irrespective of amount in favor of any party, and to render any judgments and make any findings and orders in the same manner and to the same extent that the court of common pleas can render a judgment or make a finding or order in a similar action or proceeding."
Misdemeanor sentencing is within the court's sound discretion and will not be reversed absent an abuse of that discretion. State v. Pitts (June 30, 1999), Lucas App. No. L-98-1203. It has long been held that a trial court cannot abuse its discretion where the sentence imposed is within the limits authorized by law. Toledo v. Reasonover (1965),5 Ohio St.2d 22, paragraph one of the syllabus; State v. Rittenhour
(1996), 112 Ohio App.3d 219, 224; State v. Mays (1995),104 Ohio App.3d 241, 249; State v. Burge (1992), 82 Ohio App.3d 244,249; but see City of Miamisburg (1982), 5 Ohio App.3d 109, 110.
In this case, the sentence exceeded the authority of the trial court. Section 660.14(d) of the Ottawa Hills Codified Ordinances states in pertinent part: "whoever violates any of the provisions of this section is guilty of a minor misdemeanor and shall be subject to the penalty provided in section 698.02 for each offense." Section 698.02(d) of the ordinance pertains to minor misdemeanors and contains exactly the same wording as R.C. 2929.21(D), namely: "Whoever is convicted of or pleads guilty to a minor misdemeanor shall be fined not more than one hundred dollars * * *." No mention is made of additional restrictions that can be placed on those convicted of minor misdemeanors.
With regard to R.C. 1901.131, although the language is quite broad, we do not interpret this statute to allow the Toledo Municipal Court Housing Division to impose restrictions such as those imposed in this case. Therefore, appellant's fourth assignment of error is well-taken and the judgment of the Toledo Municipal Court is affirmed in part and reversed in part. The portion of appellant's sentence imposing restrictions on the storage of wood is hereby vacated, leaving appellant with a $100 fine and court costs. Costs of this proceeding are to be divided between appellant and appellee.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., and George M.Glasser, J., CONCUR.
George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.