JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Christopher Hardy, appeals from his convictions for rape, kidnaping, and domestic violence, urging that the common pleas court violated his right to due process in various respects. We find the common pleas court erred by communicating with the jury outside of the defendant's presence. Therefore, we reverse and remand for a new trial.
 Facts and Proceedings Below {¶ 2} Hardy was charged in a seven count indictment filed October 28, 2002. Counts one and two charged him with rape, counts three and four charged him with kidnaping, count five charged him with abduction, count six, felonious assault, and count seven, domestic violence.
 {¶ 3} The case proceeded to jury trial beginning January 27, 2003. At trial, the victim testified that she met the appellant in 1999. She moved in with him and his daughter in the Summer of 2001, and married him on October 12, 2001. She moved out of the marital home permanently on March 8, 2002. She stated that appellant had been controlling and abusive both before and after their marriage. The parties were divorced at the time of the trial.
 {¶ 4} On Friday, April 5, 2002, appellant telephoned the victim to talk to her about reconciling. He also told her he had found a ring which belonged to her. She agreed to meet him. She went to his house at approximately 4:00 p.m. He pushed up against her, indicating that he wanted to have sexual relations, but she pushed him away. Appellant then went to pick up his daughter and his grandchild while the victim went to a tanning salon. They both returned to appellant's home and fixed dinner.
 {¶ 5} After dinner, the victim and appellant went into his bedroom to watch a movie; the children were in another bedroom with the door closed. At the appellant's request, the victim changed into a long t-shirt, removing her undergarments at the same time. Appellant spoke to the victim about getting back together. She refused because "I knew it [physical abuse by appellant] wasn't going to stop." Appellant came over to her and got on top of her, indicating that he wanted to have sexual relations. The victim told the appellant that she did not want to, but appellant insisted that it was a wife's duty, and proceeded to engage in vaginal intercourse with her, holding her hands down. Afterward, they continued to watch the movie.
 {¶ 6} Appellant became very angry with the victim because of her continued relationship with a female co-worker. He pushed her onto the bed. The victim told appellant she wanted to leave, but he pinned her arms down. He inserted three fingers in her vagina, caught onto the pubic bone and pulled her across the bed as she tried to get up. He then left the room to wash his hands.
 {¶ 7} The victim got up and tried to leave. The appellant pulled her t-shirt off, pushed her down onto the bed and criticized her body. She continued to try to get up and get dressed, but appellant would not return her underwear or bra, and kept pushing her back onto the bed. He got behind her, grabbed her breasts and pulled her with them.
 {¶ 8} Ultimately, the victim was able to get dressed. She tried to leave, but appellant grabbed her and would not let her go. When appellant left the room, she was able to leave. As she got into her car, appellant grabbed the door and screamed at her that he did not want her to leave. He climbed on the hood, threatened to break the window, and pushed his arm through a small opening in the window in an effort to reach her car keys. The following day, the victim went to the police. Photographs of the victim and of her car which were taken by the police were admitted into evidence.
 {¶ 9} At the conclusion of the state's case, the court granted the defendant's motion for a directed verdict with respect to the felonious assault charge (count six of the indictment), finding that the victim had not suffered any serious injury. However, the court denied the motion with respect to the other charges.
 {¶ 10} At the conclusion of the trial, the jury found appellant guilty of one count of rape (count two), one count of kidnaping (count four), and one count of domestic violence (count seven), but not guilty of separate charges of rape (count one), kidnaping (count 3), and abduction (count five).
 Law and Analysis {¶ 11} Appellant's eighth assignment of error is dispositive of this appeal, so we will address it first. In his eighth assignment of error, appellant asserts that the court erred by responding to jury questions outside the presence of the defendant. The record contains eight written communications from the jury to the court. Three of these were reports about the status of deliberations which did not require or receive a response. The court responded to another of the jurors' communications in open court, by reading them a Howard charge in the presence of both defense counsel and the defendant.
 {¶ 12} The court responded to several other jury communications in writing; the record contains no indication that the judge consulted with the parties before she gave the jury her response. Communications between the jury and the court must be made in the parties' presence so that the parties have an opportunity to be heard and to object before the judge responds to the jury's inquiry. Bostic v. Connor (1988), 37 Ohio St.3d 144,149. The trial court here erred when it did not provide appellant with an opportunity to be heard or to object before it responded to the jury's questions. Id.
 {¶ 13} We cannot say that appellant was not prejudiced by these communications. Among other things, the jury asked:
 {¶ 14} "When attempting to assess the defendant's character, is it legitimate to assess his mannerisms and ations [sic — actions?] during the trial?"
 {¶ 15} "What act of the defendant is considered to be kidnaping in Count #3?
 {¶ 16} "What act of the defendant is considered to be kidnaping in Count #4?"
 {¶ 17} We cannot say that appellant was not harmed by the denial of an opportunity to address the court's response to these questions before the court responded to the jury. See State v. Thomas, Cuyahoga App. No. 81393, 2003-Ohio-2648, ¶ 24; State v. Alvarado (Sept. 13, 2001), Cuyahoga App. No. 78629. These were not matters addressed in the court's original jury instructions, so the court's response cannot be deemed repetitious.[1] Moreover, the court's response to these questions might well have affected the outcome of the case. The court's failure to address the jury's questions in the presence of the appellant therefore must be deemed prejudicial, and we must reverse and remand for a new trial.
 {¶ 18} In light of this conclusion, appellant's remaining assignments of error are moot except to the extent that the issues raised therein might require outright reversal of the judgment against appellant. Therefore, we overrule as moot assignments of error two, three, nine, ten, eleven and twelve.[2] However, we will address the first, fourth, fifth, sixth and seventh assignments of error because these assignments raise issues which, if proved, would require the entry of judgment in appellant's favor.
 {¶ 19} Appellant's first assignment of error asserts that the statute prohibiting rape unconstitutionally intrudes into the marital relationship. We strongly disagree. The rape statute does not regulate sexual relations between spouses; it prohibits the use of force or threat of force to compel another to engage in sexual conduct, whether or not the victim is the offender's spouse. R.C. 2907.02(A)(2). Marriage does not strip a person of his or her right to personal safety and bodily integrity. State v. Rittenhour (1996), 112 Ohio App.3d 219, 221. Therefore, we reject appellant's argument that the rape statute is an unconstitutional intrusion into the marital relationship.
 {¶ 20} In his fourth and fifth assignments of error, appellant urges that the indictment was multiplicitous because it contained two counts of rape, and two counts of kidnaping and a count of abduction, all of which allegedly occurred on the same date, and the court's jury instructions did not differentiate them. Appellant then argues that the verdicts were inconsistent, somehow implicating his right not to be tried twice for the same offense.
 {¶ 21} To the extent that appellant argues the indictment was defective, he waived that argument by failing to raise it before trial. See Crim.R. 12(C)(2); State v. Blalock, Cuyahoga App. Nos. 80419 and 80420, 2002-Ohio-4580, ¶ 75.
 {¶ 22} At trial, the prosecutor differentiated the two rape charges, arguing that count one referred to the incident of vaginal intercourse, and count two referred to the incident of digital penetration. The prosecutor also distinguished the two kidnaping charges, associating each of them with the separate incidents of rape. Finally, the prosecutor argued that defendant abducted the victim when he prevented her from leaving the bedroom, pulled off her shirt, and verbally assaulted her. Thus, the charges were not multiplicitous. Given this differentiation of the charges, the jury's verdicts finding that the defendant was guilty as to counts two and four, the second rape and kidnaping charges, but not guilty as to counts one, three, and five, were consistent. Therefore, we overrule the fourth and fifth assignments of error.
 {¶ 23} The sixth assignment of error argues that the court erroneously defined kidnaping to include a restraint on the liberty of the victim "for the purpose of * * * inflicting serious physical harm on [her]," even though the court had directed the verdict for appellant on the charge of felonious assault. Because the court found insufficient evidence that appellant caused serious physical harm to the victim, appellant asserts, he could not be convicted of kidnaping. The fact that the evidence was insufficient to support a jury determination that the defendant "did knowingly cause serious physical harm to" the victim does not demonstrate that the evidence was insufficient to support a jury determination that he restrained her for that purpose. More important, the jury was instructed that "kidnaping" included restraints on the victim's liberty for the purpose of terrorizing the victim and/or for the purpose of engaging in sexual activity with her against her will. Consequently, even if the evidence did not support a finding that appellant restrained the victim for the purpose of inflicting serious harm on her, outright reversal of appellant's conviction on this charge would not be warranted because the jury could have convicted appellant on other grounds. Therefore, we overrule the sixth assignment of error.
 {¶ 24} In his seventh assigned error, appellant argues that the evidence was insufficient to support his conviction for rape. Significantly, however, appellant only challenges the evidence with respect to the incident of vaginal intercourse. The jury found appellant not guilty of rape with respect to that incident. Therefore, appellant was not prejudiced by the court's submission of that charge to the jury. Appellant does not address the sufficiency of the evidence relating to the other rape charge, on which he was found guilty. Therefore, we overrule the seventh assignment of error.
 {¶ 25} For the foregoing reasons, we sustain appellant's eighth assignment of error and hold that the common pleas court erred by responding to jury questions outside the presence of the appellant. Accordingly, we reverse the judgment against appellant and remand for a new trial.
 {¶ 26} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney and Colleen Conway Cooney, JJ., concur.
[1] In addition, the jurors asked for and were given a copy of theHoward charge. The charge they were given is not included in the record, so we are not able to say whether it was the same as the instruction the court previously read to the jury, or whether it may have contained other or additional language. However, appellant could have corrected this omission by asking the court to supplement the record pursuant to App.R. 9(E). Thus, even though the court's failure to discuss the jury's request with the parties was error, appellant failed to show that he was prejudiced by this error.
[2] {¶ a} These assignments of error provide:
{¶ b} "II. Defendant was denied his right to present a defense when the court would not allow exhibit 2, a T-shirt into evidence[.]
{¶ c} "III. Defendant was denied due process of law when the court did not define all of the elements of sexual conduct as applicable to this case.
{¶ d} * * *
{¶ e} "IX. Defendant was denied due process of law when an alternate juror was allowed into the jury room during jury deliberations[.]
{¶ f} "X. Defendant was denied effective assistance of counsel[.]
{¶ g} "XI. Defendant was subjected to unconstitutional multiple punishments when the court failed to merge the rape and kidnapping convictions[.]
{¶ h} "XII. Defendant was denied due process of law when he was sentenced to more than a minimum sentence in retaliation for exercising his constitutional right[.]"