{¶ 98} Respectfully, I would dissent and vacate appellant's conviction upon the first assignment of error, and pursuant to App.R. 12(A)(1)(c), decline to address the remaining alleged errors.
 {¶ 99} Appellant was originally indicted in October 2002, on two identically-worded counts of rape, two identically-worded counts of kidnapping, and one count each of abduction, felonious assault and domestic violence. The alleged victim of all the counts was appellant's wife, and the date of the alleged offenses was April 5, 2002. Appellant was convicted on count two (rape), count four (kidnapping), and count seven (domestic violence). Count six (felonious assault) was directed out at the conclusion of the State's case pursuant to Crim.R. 29, and appellant was found not guilty of count one (rape), count three (kidnapping), and count five (abduction).
 {¶ 100} On appeal, this court found that the trial court erred by *Page 22 
communicating with the jury outside of appellant's presence and, therefore, reversed the convictions and remanded the case for a new trial.[1] State v. Hardy, Cuyahoga App. No. 82620, 2004-Ohio-56("Hardy T).
 {¶ 101} On remand, appellant filed a motion to dismiss. In that motion, appellant requested that the domestic violence count be dismissed on speedy trial grounds. He further moved that the remaining rape and kidnapping charges be dismissed on double jeopardy grounds. The court granted the motion to dismiss as to the domestic violence count and denied it as to the kidnapping and rape counts.
 {¶ 102} The case therefore proceeded to trial upon a rape and a kidnapping charge. At the conclusion of the State's case-in-chief, the defense made a Crim.R. 29 motion for acquittal, which was denied. Appellant then presented evidence on his own behalf, and at the conclusion of his case, renewed his Crim.R. 29 motion, which was again denied. The jury found him guilty of kidnapping and a mistrial was declared as to the rape charge, which was ultimately nolled, permitting *Page 23 
this appeal.[2] Appellant was sentenced to a three-year prison term.
 {¶ 103} At the second trial of this matter, the victim testified that on April 5, 2002, she went to appellant's home in South Euclid, Ohio to prepare dinner for him and his daughter and granddaughter. She testified that she and appellant got into an argument and she unwillingly acquiesced to his demand for sexual intercourse out of fear of his temper. The victim further testified that later in the evening she and appellant had another argument; appellant then assaulted her and placed three of his fingers in her vagina, again, against her will. She testified that she tried to leave appellant's house, but he would not allow her to do so. She testified that eventually she was able to leave the house, but, as she got into her car to drive away, appellant jumped on the hood of the car and refused to let go. She stated that she slowly began to drive away while he was hanging onto her window, and that eventually he let go.
 {¶ 104} In his first assignment of error, appellant contends that the trial court erred by denying his motion to dismiss. Specifically, appellant contends that retrial on the rape and kidnapping counts violated double jeopardy protections. Appellant further contends that the trial court never distinguished between the counts at the first trial. I agree. *Page 24 
 {¶ 105} In the indictment, both rape and both kidnapping counts read identically. No bill of particulars specified which rape referred to the allegation of vaginal intercourse and which rape referred to the allegation of digital penetration; nor did any bill of particulars delineate any difference between the two kidnappings. At the conclusion of the first trial, and before matters were submitted to the jury, the State did not move to amend the indictment, and no jury instructions differentiated between the identical counts. While the prosecutorargued that certain acts referred to certain counts, the indictments were not amended in conformity therewith, and the jury was not so instructed. It goes without citation that argument is neither evidence nor instruction of law.
 {¶ 106} In Russell v. United States (1962), 369 U.S. 749, 763-764, 82 St.Ct. 1038, 8 L.Ed.2d 240, the United States Supreme Court outlined the criteria for determining the sufficiency of the indictment. These criteria are: (1) "whether the indictment contains the elements of the offense intended to be charged," (2) "and sufficiently apprises the defendant of what he must be prepared to meet," and, (3), "in case anyother proceedings are taken against him for a similar offense, whetherthe record shows with accuracy to what extent he may plead a formeracquittal or conviction." (Emphasis added.) (Citations omitted.) "The due process rights announced in Russell are required not only in federal indictments, but also in state criminal charges. DeVonish v. Keane
(C.A.2, 1994), 19 F.3d 107, 108; Fawcett v. Bablitch (C.A.7, 1992), 962 F.2d 617, 618; see, also, Isaac v. Grider (C.A.6, 2000), *Page 25 
211 F.3d 1269; Parks v. Hargett, 1999 U.S. App. LEXIS 5133,1999 WL 157431, at 3 (10th Cir. 1999)." Valentine v. Konteh (2005),395 F.3d 626, 631.
 {¶ 107} In United States v. Cruikshank (1875), 92 U.S. 542, 558, 23 L.Ed.588, the Supreme Court stated that "[t]he object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to bestated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." (Emphasis added.)
 {¶ 108} The potential for double jeopardy occurring as a result of insufficient indictments and/or insufficient trial instructions to delineate differences in counts has recently been addressed head-on by the Sixth Circuit Court of Appeals in Valentine, supra.Valentine involved the granting of a writ of habeas corpus on behalf of a defendant whose conviction on multiple sexual charges had been upheld by this court upon what the district court termed "carbon copy indictments." See State v. Valentine (July 17, 1997), Cuyahoga App. No. 71301; Valentine v. Huffman (N.D.Ohio 2003), 285 F.Supp.2d 1011. In pertinent part, the Sixth Circuit Court of Appeals stated that "the indictment charging Valentine with multiple, identical and *Page 26 
undifferentiated counts violated the constitutional requirements imposed by due process. * * * When prosecutors opt to use such carbon-copy indictments, the defendant has neither adequate notice to defend himself, nor sufficient protection from double jeopardy. Even under the deferential standard of AEDPA,[3] these convictions resting on such a clear violation of federal law cannot stand. * * * Importantly, the constitutional error in this case is traceable not to the generic language of the individual counts of the indictment but to the fact that there was no differentiation among the counts." Valentine,395 F.3d at 636.
 {¶ 109} Valentine is cited in five Ohio cases: State v. Yaacov, Cuyahoga App. No. 86674, 2006-Ohio-5321; State v. Warren, Cuyahoga App. No. 86854, 2006-Ohio-4104; State v. Carnes, Brown App. No. CA2005-01-001, 2006-Ohio-2134; State v. Hemphill, Cuyahoga App. No. 85431, 2005-Ohio-3726; and State v. Rice, Cuyahoga App. No. 82547,2005-Ohio-3393. In Hemphill and Warren, convictions were reversed because the indictments failed to connect the defendant to individual distinguishable incidents. In Yaacov and Carnes, the convictions were affirmed because the appellate courts found the defendants denied any contact whatsoever with the victims, and hence the lack of specificity in the indictments did not result in any prejudice. In Rice, the conviction was affirmed because the appellate court found there was ample evidence in the record that during the trial, *Page 27 
certain acts were specifically tied to certain counts. It is important to note, however, that all of these cases are distinguishable from this case in that all of them involved allegations of due process violations regarding "notice" (the second prong of Russell) at the original trial, whereas this case involves a claim of double jeopardy (the third prong of Russell) at a second trial.
 {¶ 110} Here, the State indicted two carbon-copy rape counts and two carbon-copy kidnapping counts. While this was not the twenty carbon-copy rape counts and twenty carbon-copy felonious sexual penetration counts involved in the Valentine case, the result is the same. No part of the indictment, no amendment to the indictment, no bill of particulars and no jury instruction existed to differentiate these counts one from the other such that a court in a second trial could discern whether there had been a previous finding of not guilty as to the act alleged. Hence, I believe, there is no way for this court to conclude which rape and which kidnapping counts resulted in conviction and which in acquittal at the first trial.
 {¶ 111} Accordingly, I would find that retrial upon the rape and kidnapping charges was prohibited by double jeopardy, and any conviction there from is void.
[1] Appellant argued in his first appeal that the identical counts constituted a violation of the Fifth Amendment prohibition against double jeopardy; this court refused to review that issue, however, stating that it had not been raised at the trial level. "To the extent that appellant argues the indictment was defective, he waived that argument by failing to raise it before trial. See Crim.R. 12(c)(2);State v. Blalock, Cuyahoga App. Nos. 80419 and 80420, 2002-Ohio-4580, ¶ 75." Hardy, supra at ¶ 21.
There is some discussion in Hardy I by this court that the prosecutor's final argument differentiated the counts sufficiently to avoid defendant's allegations of inconsistent verdicts. However, that is not the issue of double jeopardy that is presently before this court, and does not therefore constitute "law of the case" as regarding the Fifth Amendment claim at issue here.
[2] It should be noted that only the kidnapping charge is technically before this court as the rape charge was nolled; however, if there is a Fifth Amendment violation as to the retrial on the kidnapping count, it necessarily follows that a reindictment and retrial upon the rape would be equally prohibited.
[3] Valentine's petition was made pursuant to 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Page 1